NO. COA13-1344

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

KARLETTE D. BREWSTER,
    Plaintiff,

    v.                         Durham County
                                   No. 11 CVS 5754

CLAUDE A. VERBAL, II,
MARGIE H. VERBAL,
    Defendants.


Appeal by defendant Margie H. Verbal from order entered 25 September 2013 by Judge Paul C. Ridgeway in Durham County Superior Court. Heard in the Court of Appeals 22 April 2014.

> *Perry, Perry & Perry, P.A., by Robert T. Perry, for plaintiff-appellee.*

> *Attorney George Ligon, Jr., for defendant-appellant Margie H. Verbal.*

> *No brief was filed for defendant Claude A. Verbal, II.*


BRYANT, Judge.


Where a joint property owner acted within the scope of his apparent authority in retaining trial counsel to defend the property owners against a negligence suit, we hold that defendant property owner was bound by the acts of the joint owner and subsequently bound by the acts of trial counsel representing the owners. Therefore, we affirm the trial court

order denying defendant's motion to dismiss plaintiff's complaint for violations of Civil Procedure Rules 12(b)(2), (4), (5), and (6). We also affirm the denial of defendant's motion to set aside a default judgment.

On 16 November 2011, plaintiff Karlette Dandy Brewster filed a complaint against defendants Claude A. Verbal, II, and Margie H. Verbal in Durham County Superior Court. Margie and Claude are mother and son. Two civil summons were also filed in the Durham County Superior Court Clerk's Office stating that each summons and a copy of the complaint had been received by Pamela Verbal (Claude Verbal's wife and Margie Verbal's daughter-in-law) at the address listed for Claude A. Verbal, II, and Margie H. Verbal.

In her complaint, plaintiff alleged that defendants exercised dominion and control over a property located at 4005 Destrier Drive in Durham, which defendants rented to Brewster. On 17 April 2011, plaintiff was attempting to enter the rental property when she fell in an unlit section of a stairwell. Plaintiff asserted a claim of negligence.

On 23 January 2012, "Defendants Claude A. Verbal and Margie H. Verbal . . . by and through [counsel Jonathan Wilson II]" filed a motion to dismiss and an answer to plaintiff's

complaint. Subsequently, plaintiff filed a motion to compel depositions and sanctions against defendants for failure to attend two depositions. Following a settlement between the parties as to plaintiff's motion, the trial court entered a consent order wherein Claude agreed to make himself available for depositions. In its order, the trial court noted that defendants were represented by Wilson. On 19 December 2012, plaintiff filed a motion for default, contempt and sanctions alleging that defendants failed to appear for scheduled mediation and failed to respond to discovery requests. On 16 January 2013, the trial court entered a default judgment as to defendants' liability. On 8 August 2013, defense counsel Jonathan Wilson, II, filed a motion to withdraw as counsel stating that he was "retained by the Defendants to represent them in this pending civil matter" but that "the Defendant has refused to abide or respond to counsel's means of communication." Defense counsel's motion to withdraw was granted. On 17 September 2013, Margie filed a motion to dismiss and motion to set aside the default judgment.

In her motion, Margie contended that the action against her should be dismissed pursuant to Civil Procedure Rules 12(b)(2) (lack of jurisdiction of the person), (4) (insufficiency of

process), (5) (insufficiency of service of process), and (6) (failure to state claim upon which relief could be granted). Margie contended that she did not reside in North Carolina and had not resided in North Carolina in over thirty years, had never been served with process, did not authorize or consent to representation by Jonathan Wilson or the Law Offices of John C. Fitzpatrick, and did not receive any notice to appear at a mediation conference or deposition. Further, Margie alleged that she had a meritorious defense to the negligence claim including contributory negligence and that she never leased the premises to plaintiff. In her affidavit, Margie averred that she had no knowledge of the lawsuit naming her as a defendant "until August 2013 when [she] received a letter . . . from the plaintiff's attorney."

Jonathan Wilson also filed an affidavit. Wilson averred that he was retained by Claude Verbal who represented to Wilson that Margie Verbal was physically ill and resided in the Midwestern part of the country, and that Margie was aware of Wilson's representation of her in this civil matter.

On 25 September 2013, the trial court entered an order in which it concluded that by ceding all involvement with the property to her son since at least 1997, Margie Verbal created

an agency relationship with her son. In accordance with this relationship, Claude had authority to procure legal counsel to act for the benefit of both owners should the need arise; thus, Claude's retention of Wilson was within the scope of that authority. The court concluded that any defenses to personal jurisdiction based on insufficient process or service of process had been waived. Margie's motion to dismiss the action or set aside the default judgment was denied. Margie Verbal appeals.

_____

On appeal, Margie Verbal raises the following issues: whether the trial court erred in denying her (I) motion to dismiss; and (II) motion to set aside default judgment.

*I*

Margie first argues that the trial court erred in denying her motion to dismiss plaintiff's claim as to her on the grounds that the trial court lacked personal jurisdiction. Specifically, Margie argues that North Carolina's long-arm statute does not permit the exercise of personal jurisdiction over her and that the exercise of personal jurisdiction does not comport with due process. Margie further argues that her son Claude was not authorized to retain counsel on her behalf; that attorney Jonathan Wilson was not authorized to act on her

behalf; and that she did not waive her Rule 12(b) defenses.  We disagree.

> The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record. Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal. We review de novo the issue of whether the trial court's findings of fact support its conclusion of law that the court has personal jurisdiction over defendant.

*Bell v. Mozley*, 216 N.C. App. 540, 543, 716 S.E.2d 868, 871 (2011) (citation and quotations omitted).

As an appearance by an attorney on behalf of Margie addressing the merits of plaintiff's claim prior to contesting personal jurisdiction will waive a defense to the exercise of personal jurisdiction, we first consider whether her son Claude acted as Margie's agent in retaining counsel to address plaintiff's claims and, if necessary, whether Wilson's involvement in the initial stages of the action constituted a general appearance made prior to contesting the exercise of personal jurisdiction.

"An agent is one who acts for or in the place of another by authority from him." *Julian v. Lawton*, 240 N.C. 436, 440, 82 S.E.2d 210, 213 (1954) (citation omitted).  "The power of an

agent, . . . to bind his principal, may include, not only the authority actually conferred, but the authority implied as usual and necessary to the proper performance of the work intrusted [sic] to him . . . ." *Research Corp. v. Hardware, Inc.*, 263 N.C. 718, 721, 140 S.E.2d 416, 418 (1965) (citation omitted).

> A principal-agent relationship arises upon two essential elements: (1) [a]uthority, either express or implied, of the agent to act for the principal, and (2) the principal's control over the agent. An agency can be proved generally, by any fact or circumstance with which the alleged principal can be connected and having a legitimate tendency to establish that the person in question was his agent for the performance of the act in controversy....

*Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 599, 394 S.E.2d 643, 650 (1990) (citation and quotations omitted). Agency may also be inferred from the nature of continuous acts known to the principal such that the principal would not have allowed the agent to so act unless authorized. *See Reverie Lingerie, Inc. v. McCain*, 258 N.C. 353, 359, 128 S.E.2d 835, 839—40 (1963); *see also Partin v. Power & Light Co.*, 40 N.C. App. 630, 637, 253 S.E.2d 605, 611 (1979) ("Mere relationship or family ties, unaccompanied by any other facts or circumstances, will not justify an inference of agency, but such relationship is entitled to great weight, when considered with other

circumstances, as tending to establish agency." (citations omitted)).

In its 25 September 2013 order denying Margie's motion to dismiss, the trial court found that the property plaintiff rented – located at 4005 Destrier Drive in Durham – was owned by defendants Claude Verbal and his mother Margie Verbal; Margie did not live in North Carolina but rather has resided in Michigan for the past thirty years; and per Margie's affidavit, she "[has] not had any involvement with the real property located at 405 Destrier Drive in Durham, North Carolina since 1997." The trial court reasoned that by conceding to her son Claude all involvement with the property since at least 1997, Margie Verbal "expressly or implicitly created an agency relationship with her son, whereby her son had authority to act on her behalf to, among other things, lease the property to tenants such as the Plaintiff and to receive tax notices and to pay taxes on the property." We agree. *See Partin*, 40 N.C. App. at 637, 253 S.E.2d at 611 ("relationship or family ties . . . [are] entitled to great weight, when considered with other circumstances, as tending to establish agency." (citation omitted)).

The trial court further concluded that retention of legal counsel to defend the property owners from claims such as plaintiff's was reasonably foreseeable and thus, within the scope of Claude's authority to act on behalf of Margie.

"[A]n agent may usually bind his principal as to all acts within the scope of his agency including not only the authority actually conferred, but such as is usually confided to an agent employed to transact the business which is given him to do, and it is held that, as to third persons, this real and apparent authority is one and the same . . . ." *Research Corp.*, 263 N.C. at 721, 140 S.E.2d at 418 (citation omitted). "Apparent authority is that authority which the principal has held the agent out as possessing or which he has permitted the agent to represent that he possesses." *Heath v. Craighill, Rendleman, Ingle & Blythe, P.A.*, 97 N.C. App. 236, 242, 388 S.E.2d 178, 182 (1990) (citation omitted). "The principal may be estopped to deny that a person is his agent or that his agent has acted within the scope of his authority." *Research Corp.*, 263 N.C. at 721, 140 S.E.2d at 419 (citations omitted). "Under the doctrine of apparent authority, a principal's liability in any particular case must be determined by what authority the third person in the exercise of reasonable care was justified in believing that

the principal had, under the circumstances, conferred upon his agent." *Munn v. Haymount Rehab. & Nursing Ctr.*, 208 N.C. App. 632, 639, 704 S.E.2d 290, 295 (2010) (citation omitted).

The trial court found that per Jonathan Wilson's affidavit,

> he had been retained by Claude A. Verbal, II and that based upon conversations with Claude A. Verbal, II he was led to believe that his mother, Margie H. Verbal was physically ill and resided in the Midwest. Mr. Wilson further asserted that based upon conversations with Claude A. Verbal, II, he was led to believe that Margie H. Verbal was aware of the civil matter and his representation of them . . . .

On the totality of the circumstances as presented to Wilson, particularly noting that Claude was a co-owner of the property rented to plaintiff, Claude was Margie's son, and Margie did not live in North Carolina, we hold that Claude Verbal's retention of Wilson as legal counsel on behalf of Margie was within Claude's apparent authority. *See id.; see also Parsons v. Bailey*, 30 N.C. App. 497, 502, 227 S.E.2d 166, 168 (1976) ("It would seem to be clear that if the agent is purporting to act as an agent and doing the things which such agents normally do, and the third person has no reason to know that the agent is acting on his own account, the principal should be liable because he has invited third persons to deal with the agent within the limits of what, to such third persons, would seem to be the

agent's authority."); *compare Johnson v. Amethyst Corp.*, 120 N.C. App. 529, 533, 463 S.E.2d 397, 400 (1995) (holding an attorney had no right to appear on behalf of the defendant where the attorney had no authority granted by the party for whom he was appearing).

We next consider whether Wilson, appearing on behalf of Margie, appeared before the trial court in a manner consistent with a general appearance.

"A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action . . . ." N.C. Gen. Stat. § 1-75.7(1) (2013). "In G.S. ' 1—75.7 the legislature made the policy decision that *any* act which constitutes a general appearance obviates the necessity of service of summons." *Simms v. Stores, Inc.*, 285 N.C. 145, 157, 203 S.E.2d 769, 777 (1974).

> A general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person. Other than a motion to dismiss for lack of jurisdiction virtually any action constitutes a general appearance.

*Judkins v. Judkins*, 113 N.C. App. 734, 737, 441 S.E.2d 139, 140 (1994) (citations and quotations omitted). "A party may appear either in person or by attorney in actions or proceedings in which he is interested." N.C. Gen. Stat. § 1-11 (2013). "[A] court may properly obtain personal jurisdiction over a party who consents or makes a general appearance, for example, by filing an answer or appearing at a hearing without objecting to personal jurisdiction." *Stunzi v. Medlin Motors, Inc.*, 214 N.C. App. 332, 336, 714 S.E.2d 770, 774 (2011) (citation omitted).

The record reflects that following the filing of plaintiff's complaint, Wilson filed an answer on behalf of Claude and Margie answering the allegations of the complaint and raising defenses of contributory negligence, no proximate cause, failure to mitigate, and unclean hands. The answer also included a motion to dismiss the complaint pursuant to Rule 12(b)(6). Moreover, Wilson represented defendants on plaintiff's motion to compel depositions and for sanctions. The parties entered into a settlement which led to the trial court's entry of a consent order. Clearly, the trial court had jurisdiction over the subject matter, a fact that Margie does not contest. Wilson's representation constituted a general appearance submitting Margie to the jurisdiction of the court.

Therefore, Margie has waived her right to challenge the trial court's exercise of personal jurisdiction. *See* N.C.G.S. § 1-75.7(1); *see also Lynch v. Lynch*, 302 N.C. 189, 197, 274 S.E.2d 212, 219 ("[A]ny act which constitutes a general appearance obviates the necessity of service of summons and waives the right to challenge the court's exercise of personal jurisdiction over the party making the general appearance.") *on reh'g*, 303 N.C. 367, 279 S.E.2d 840 (1981).

Due to our holding affirming the trial court's exercise of personal jurisdiction based on an agency relationship, we need not address Margie's additional arguments challenging the trial court's exercise of personal jurisdiction.

*II*

Next, Margie argues that the trial court erred in denying her motion to set aside the default judgment. Specifically, she argues that because "the procedural manner by which [personal] jurisdiction could have been exercised over her was never legally accomplished . . . the Default Judgment entered against her is void."

As we have determined that Wilson's representation of Margie before the trial court was proper and constituted a

general appearance submitting Margie to the jurisdiction of the court, we overrule this argument.

Affirmed.

Judges HUNTER, Robert C. and STEELMAN concur.

Report per Rule 30(e).