IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA14-1141

 Filed: 21 April 2015

Forsyth County, Nos. 13 CRS 121, 50995, 54822

STATE OF NORTH CAROLINA

 v.

CLAY DEWAYNE LEAKS, JR.

 Appeal by defendant from judgments entered 10 June 2014 by Judge John O.

Craig in Forsyth County Superior Court. Heard in the Court of Appeals 4 March

2015.

 Attorney General Roy Cooper, by Assistant Attorney General Kimberly N.
 Callahan, for the State.

 Richard Croutharmel for defendant.

 ELMORE, Judge.

 On 11 February 2013, Clay Leaks, Jr. (defendant) was indicted by a Forsyth

County Grand Jury pursuant to N.C. Gen. Stat. § 14-208.11(a)(2) for failing to report

a change of address as a registered sex offender from 21 November 2012 through 30

January 2013 (case number 13 CRS 50995). Defendant was subsequently indicted

for an additional charge of failing to report a change of address as a registered sex

offender from 22 April through 20 May 2013 (case number 13 CRS 54822), and

attaining the status of habitual felon (case number 13 CRS 121). The matter in case
 STATE V. LEAKS

 Opinion of the Court

number 13 CRS 50995 was called for trial on 9 June 2014 in the Criminal Session of

Forsyth County Superior Court. The jury found defendant guilty of the charge.

 The additional charge of failing to report a change of address as a registered

sex offender from 22 April through 20 May 2013 (case number 13 CRS 54822) was

not before the jury at defendant’s trial. However, defendant entered a plea bargain

on this charge prior to sentencing in case number 13 CRS 50995. In exchange for his

plea to the additional charge and stipulation to his status as a habitual felon, the

State agreed to consolidate defendant’s convictions. The trial court determined that

defendant was a prior record Level V offender for felony sentencing purposes. The

trial court entered a consolidated judgment, imposing a minimum term of 114 months

to a maximum 149 months imprisonment. Defendant entered notice of appeal in open

court.

 I. Background

 At defendant’s trial for failing to comply with the sex offender registration

program, the State presented evidence that tended to show the following: On 4 June

2001, defendant was convicted of a sex offense that required him to register as a sex

offender pursuant to the sex offender registration requirements. Defendant is

required to verify his address every six months and report any change of address

within three business days. On 17 March 2012, defendant executed a one-year lease

agreement for a residence located at 669 Old Hollow Road in Winston-Salem.

 2
 STATE V. LEAKS

 Opinion of the Court

Defendant timely notified the Forsyth County Sheriff’s Office of his change of

address.

 The rental residence was a single-family home with a detached shed and a

detached garage in the rear of the house. After occupying the residence for one to two

months, defendant ceased making the monthly rental payment to his landlord,

Homer Shockley (Shockley). In November 2012, Shockley and a Forsyth County

Sheriff’s Deputy went to the residence to serve defendant with eviction papers. The

residence was empty and the electricity and water had been turned off. Padlocks

were placed on the garage and storage building. Shockley testified that he drove by

the residence approximately three times per week throughout November and

December 2012, but he neither saw defendant on the property nor did he notice any

activity at the residence.

 During the week of 27 November 2012, the Forsyth County Sheriff’s Office sent

defendant an address verification letter to 669 Old Hollow Road. The letter was

returned to the Sheriff’s Office as “undeliverable.” Ronald Lewis, a Forsyth County

Sheriff’s Deputy who worked in the sex offender unit, went to 669 Old Hollow Road

in search of defendant. Deputy Lewis noticed that the house was vacant. Deputy

Lewis did not look for defendant in the garage or shed.

 On 31 January 2013, defendant went to the Forsyth County Sheriff’s Office to

report that his address had changed from 669 Old Hollow Road. Deputy Chris

 3
 STATE V. LEAKS

 Opinion of the Court

Davenport arrested defendant and charged him with failing to report a change of

address as a registered sex offender.

 Defendant testified on his own behalf at trial. Defendant explained that on 13

November 2012, he removed his personal belongings from the residence and stored

them in a warehouse because he knew that he would be evicted from the residence.

Defendant claimed that he subsequently moved into the storage shed on the property

and resided there until 31 January 2013. The shed had minimal furnishings and

electricity, but no water. Defendant testified that he would enter and exit the shed

by using a ladder to climb through an air conditioning vent. Defendant alleged that

he would rise early to work as a self-employed handyman. If he had no work, he

would shower and eat at his wife’s house while she was gone. Defendant testified

that he would wait until nightfall before returning to the shed, hoping to go

unnoticed. Given this, defendant argued that he had not, in fact, failed to report a

change in his address because he had continued to reside on the property until 31

January 2013.

 Despite defendant’s testimony, the jury found defendant guilty of the charge.

Defendant appeals.

 II. Analysis

 A. Sufficiency of Indictment

 4
 STATE V. LEAKS

 Opinion of the Court

 Defendant contends that the indictment charging him with violating N.C. Gen.

Stat. § 14-208.11(a)(2) was insufficient to confer subject matter jurisdiction upon the

trial court, as it failed to allege all of the essential elements of the offense.

Specifically, defendant argues that the indictment failed to allege that he was

required to provide “written notice” of a change of address, a prerequisite for the

offense as described in N.C. Gen. Stat. § 14-208.9. As such, defendant insists that

this error rendered his indictment fatally defective and requires that we vacate his

conviction. We disagree.

 On appeal, we review the sufficiency of an indictment de novo. State v. McKoy,

196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (2009). In order to be valid and thus

confer jurisdiction upon the trial court, “[a]n indictment charging a statutory offense

must allege all of the essential elements of the offense.” State v. Snyder, 343 N.C. 61,

65, 468 S.E.2d 221, 224 (1996). The indictment “is sufficient if it charges the offense

in a plain, intelligible and explicit manner.” State v. Taylor, 280 N.C. 273, 276, 185

S.E.2d 677, 680 (1972). “[I]ndictments need only allege the ultimate facts

constituting each element of the criminal offense,” State v. Rambert, 341 N.C. 173,

176, 459 S.E.2d 510, 512 (1995), and “[a]n indictment couched in the language of the

statute is generally sufficient to charge the statutory offense[.]” State v. Singleton,

85 N.C. App. 123, 126, 354 S.E.2d 259, 262 (1987). “ [W]hile an indictment should

give a defendant sufficient notice of the charges against him, it should not be

 5
 STATE V. LEAKS

 Opinion of the Court

subjected to hyper technical scrutiny with respect to form.” State v. Harris, 219 N.C.

App. 590, 592, 724 S.E.2d 633, 636 (2012) (quotation and citation omitted).

 N.C. Gen. Stat. § 14-208.11(a)(2) provides that a person who willfully “[f]ails

to notify the last registering sheriff of a change of address” is guilty of a class F felony.

In addition, N.C. Gen. Stat. § 14-208.9(a) provides: “If a person required to register

changes address, the person shall report in person and provide written notice of the

new address not later than the third business day after the change to the sheriff of

the county with whom the person had last registered.”

 While the language of defendant’s indictment largely tracks the operative

language of N.C. Gen. Stat. § 14-208.9(a), it does not provide that defendant failed to

notify the sheriff’s office in writing. Defendant’s indictment provides that defendant:

 unlawfully, willfully and feloniously did as a person
 required by Article 27A of Chapter 14 of the North Carolina
 General Statutes to register as a sex offender, knowingly
 and with the intent to violate the provision of that article
 fail to register as a sex offender by failing to notify the
 Forsyth County Sheriff’s Office of his change of address
 with in [sic] three business days after moving from his last
 registered address.

 Defendant argues that the indictment is fatally flawed because it omits the

requirement that he provides “written notice” of a change of address. In advancing

his argument, defendant solely relies on a recent unpublished opinion from this

Court, State v. Osborne, ___ N.C. App. ___, ___, 763 S.E.2d 16, ___, 2014 N.C. App.

LEXIS 700, 2014 WL 2993855 (July 1, 2014) (unpublished). We note that

 6
 STATE V. LEAKS

 Opinion of the Court

unpublished decisions are not controlling precedent. State v. Beltran-Ponce, 203 N.C.

App. 373, 692 S.E.2d 487 (2010). Nonetheless, in Osborne, this Court acknowledged

that the three essential elements of the offense described in N.C. Gen. Stat. § 14-

208.9(a) had previously been determined: (1) the defendant is a person required to

register; (2) the defendant changes his or her address; and (3) the defendant fails to

notify the last registering sheriff of the change of address within three business days

of the change. Osborne, ___ N.C. App. at ___, 763 S.E.2d at ___, 2014 N.C. App.

LEXIS 700, at *2, 2014 WL 2993855, at *6 (quoting State v. Barnett, ___ N.C. App.

___, ___, 733 S.E.2d 95, 98 (2012)). However, in reviewing the defendant’s indictment

sua sponte, the Osborne Court held that the indictment was fatally defective because

it failed to allege that (1) defendant did not provide “written notice” of his move, and

(2) did not specify the time requirements as within “three business days” of the

defendant’s move to a new address. In effect, the Osborne Court imposed two

additional essential elements of the offense set forth in N.C. Gen. Stat. § 14-208.9(a)—

the “written notice” requirement and the “three business days” requirement.

Osborne, ___ N.C. App. at ___, 763 S.E.2d at ___, 2014 N.C. App. LEXIS 700, at *7–

9, 2014 WL 2993855, at *3. Given the holding in Osborne, defendant contends that

his indictment was fatally defective because it too did not include the “written notice”

requirement. We are not persuaded.

 7
 STATE V. LEAKS

 Opinion of the Court

 In State v. Abshire, our Supreme Court analyzed the 2005 version of N.C. Gen.

Stat. § 14-208.11(a)(2) and N.C. Gen. Stat. § 14-208.9(a) and expressly limited N.C.

Gen. Stat. § 14-208.9(a) to the three essential elements set forth above. State v.

Abshire, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009). Although N.C. Gen. Stat. §

14-208.9(a) has been amended since Abshire was published, the requirement that a

sex offender report his or her change of address in writing has remained part of the

statute since its enactment in 1995. See Act of July 29, 1995, ch. 545, sec. 1, 1995

N.C. Sess. Laws 2046, 2048. Notably, our Supreme Court declined to include the

manner of the notice—“in writing”—in the essential elements of the offense. See

Abshire, 363 N.C. at 328, 677 S.E.2d at 449. Because “[t]his Court is bound to follow

the precedent of our Supreme Court,” State v. Scott, 180 N.C. App. 462, 465, 637

S.E.2d 292, 294 (2006), we are unable to agree with defendant that his indictment is

fatally defective merely because it fails to provide that notice must be made “in

writing.” Instead, we consider the manner of notice, in person or in writing, to be an

evidentiary matter necessary to be proven at trial, but not required to be alleged in

the indictment. See N.C. Gen. Stat. § 15A-924(a)(5) (evidentiary matters as to the

means and manner in which a crime was committed need not be alleged in an

indictment). Facts tending to show that defendant did not furnish the sheriff’s office

with “written notice” merely illustrate that defendant failed to comply with the

requirements of N.C. Gen. Stat. § 14-208.9(a).

 8
 STATE V. LEAKS

 Opinion of the Court

 In sum, defendant’s indictment in the instant case sufficiently alleged that

defendant (1) was a person required to register as a sex offender; (2) changed his

address; and (3) failed to notify the appropriate agency within three business days

after moving. As such, the indictment was valid as a matter of law and sufficient to

confer subject matter jurisdiction upon the trial court. We overrule defendant’s

argument.

 B. Sentencing Error

 In his second argument on appeal, defendant contends that the trial court

violated defendant’s right to be present during sentencing by entering a written

judgment imposing a longer prison term than that which the trial court announced

in his presence during the sentencing hearing. We agree.

 It is well-settled that a defendant has a right to be present at the time that his

sentence is imposed. State v. Crumbley, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99

(1999).

 The facts of the instant case show that the trial court, in the presence of

defendant, sentenced defendant as a Level V offender to a minimum term of 114

months and a maximum term of 146 months imprisonment. Subsequently, the trial

court entered written judgment reflecting a sentence of 114 to 149 months active

prison time. The sentence actually imposed on defendant was the sentence contained

in the written judgment. Given that there is no indication in the record that

 9
 STATE V. LEAKS

 Opinion of the Court

defendant was present at the time the written judgment was entered, the sentence

must be vacated and this matter remanded for the entry of a new sentencing

judgment. See id.

 In so holding, this Court looks to Crumbley, wherein we held that the trial

court erred in converting the defendant’s sentence in the written judgment to run

consecutively when the defendant was not present given that it orally rendered

judgment in the defendant’s presence to concurrent terms of imprisonment. See State

v. Hanner, 188 N.C. App. 137, 141, 654 S.E.2d 820, 823 (2008) (vacating the

defendant’s sentencing judgments when the trial court sentenced the defendant

outside of his presence to consecutive terms of imprisonment after it orally imposed

concurrent sentences before the defendant in open court.).

 Under the North Carolina structured sentencing chart, if the trial court

intended to sentence defendant to 114 months minimum incarceration, it was

required to impose the 149 month maximum term. However, if the trial court

intended to impose a maximum term of 146 months, it was required to impose the

corresponding minimum term of 111 months imprisonment. Regardless, there is no

evidence that defendant was present when the trial court entered its written

judgments. Because the written judgments reflect a different sentence than that

which was imposed in defendant’s presence during sentencing, we must vacate

 10
 STATE V. LEAKS

 Opinion of the Court

defendant’s sentence and remand for the entry of a new sentencing judgment. See

Crumbly and Hanner, supra.

 III. Conclusion

 Defendant’s indictment was sufficient to confer subject matter jurisdiction on

the trial court such that the trial court did not err in hearing defendant’s case.

However, the trial court erred in entering a written judgment that altered the

sentence it initially imposed on defendant because defendant was not before the trial

court and able to be heard when the new sentence was entered. Accordingly, we hold

that defendant received a trial free from error. However, we must vacate defendant’s

sentence and remand for the entry of a new sentencing judgment.

 No error, in part; reversed and remanded, in part; new sentencing hearing.

 Judges GEER and INMAN concur.

 11