*873 DAVIS, Judge.
*189 Richard Darnell James ("Defendant") appeals from his convictions for failure to report a change of address as a sex offender and attaining the status of an habitual felon. On appeal, he contends that (1) his indictment was fatally flawed; (2) the trial court erred in denying his motion to dismiss; and (3) he received ineffective assistance of counsel. After careful review, we conclude that Defendant received a fair trial free from error and dismiss his appeal in part.
Factual Background
The State presented evidence at trial tending to establish the following facts: On 10 September 2001, Defendant was convicted of taking indecent liberties with a child in violation of N.C. Gen.Stat. § 14-202.1. As a result of this conviction, Defendant was required to register as a *190 sex offender pursuant to N.C. Gen.Stat. § 14-208.7(a) with the sheriff of his county of residence. On 8 July 2013, Defendant notified the Johnston County Sheriff's Office of his change of address from 3521 Old School Road, Four Oaks, North Carolina to 2133 Mamie Road, Four Oaks, North Carolina.
On 29 November 2013, Defendant was discovered living in a vacant rental house located at a third address-2871 Old School Road. On that date, the owner of the rental house, Leroy Baker ("Baker"), and his son-in-law, Jesse Lee ("Lee"), had gone to the 2871 Old School Road address to check on the property after receiving an abnormally high electrical bill for the home. Upon entering the house, they discovered Defendant, whom neither of them knew or had ever seen before. Defendant told them that "he had just got out of jail and had no place to go" and that "he had been staying there." He further stated that he had been living there "about a month" since "he got out of jail the 30th of October." Baker and Lee ordered Defendant to leave. After Defendant left the residence, Lee discovered an identification card with Defendant's name on it. Lee subsequently contacted the Johnston County Sheriff's Office and informed officers of Defendant's unlawful entry into the rental home.
Captain Chris Strickland ("Captain Strickland") of the Johnston County Sheriff's Office, who oversaw the sex offender registry, reviewed the break-in report naming Defendant as the perpetrator of the offense. Recognizing Defendant as a convicted sex offender, Captain Strickland dispatched Lieutenant Gary Bridges ("Lieutenant Bridges") to Defendant's last reported address, 2133 Mamie Road, to investigate whether Defendant was, in fact, living there.
Upon arriving at a residence located at the 2133 Mamie Road address, Lieutenant Bridges encountered two individuals, Clinton Smith ("Smith") and Janet Mauney ("Mauney"). They informed Lieutenant Bridges that they had been living at that address for nine years and fourteen years, respectively, and that Defendant had never lived there.
On 3 February 2014, Defendant was indicted on the charge of failure to report a change of address as a sex offender in violation of N.C. Gen. Stat. § 14-208.11(a)(2) and having attained the status of an habitual felon. On 21 July 2014, a superseding indictment was issued for the former charge. A jury trial was held in Johnston County Superior Court on 25 August 2014 before the Honorable Claire V. Hill. Defendant moved to dismiss the charges against him at the close of the State's evidence and at the close of all the evidence. The trial court denied both of his motions.
*191 On 26 August 2014, the jury found Defendant guilty of both charges. Defendant was sentenced to 90-120 months imprisonment. Defendant gave oral notice of appeal in open court.
Analysis
I. Sufficiency of Indictment
Defendant first argues that the trial court lacked jurisdiction to enter judgment against him on the ground that the superseding indictment failed to allege all of the essential elements of the offense of failure to report a change of address as a sex offender, thereby requiring that his convictions be vacated. We disagree.
It is well settled that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony. The purpose of the indictment is *874 to give a defendant reasonable notice of the charge against him so that he may prepare for trial. A defendant can challenge the facial validity of an indictment at any time, and a conviction based on an invalid indictment must be vacated.
State v. Campbell, 368 N.C. 83, ----, 772 S.E.2d 440, 443 (2015) (internal citations and quotation marks omitted). This Court reviews the sufficiency of an indictment de novo. State v. McKoy, 196 N.C.App. 650, 652, 675 S.E.2d 406, 409, appeal dismissed and disc. review denied, 363 N.C. 586, 683 S.E.2d 215 (2009).
The Supreme Court has also stated the following regarding the legal requirements applicable to indictments:
[W]e note that the "true and safe rule" for prosecutors in drawing indictments is to follow strictly the precise wording of the statute because a departure therefrom unnecessarily raises doubt as to the sufficiency of the allegations to vest the trial court with jurisdiction to try the offense. Nevertheless, it is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime.... [A]n indictment shall not be quashed by reason of any informality or refinement if it accurately expresses the criminal charge in plain, *192 intelligible, and explicit language sufficient to permit the court to render judgment upon conviction.... [I]t would not favor justice to allow defendant to escape merited punishment upon a minor matter of form.
State v. Sturdivant, 304 N.C. 293, 310-11, 283 S.E.2d 719, 731 (1981) (internal citations and quotation marks omitted); see also State v. Harris, 219 N.C.App. 590, 592, 724 S.E.2d 633, 636 (2012) ("[W]hile an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form." (citation and quotation marks omitted)).
As we stated in Harris, the mere fact that an indictment departs in some way from the strict statutory language is not determinative of the indictment's sufficiency. See Harris, 219 N.C.App. at 592-93, 724 S.E.2d at 636 ("The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." (citation and quotation marks omitted)).
With regard to the offense of failure to report a change of address as a sex offender, we have noted that "because N.C.G.S. §§ 14-208.9 and 14-208.11 deal with the same subject matter, they must be construed in pari materia to give effect to each." State v. Fox, 216 N.C.App. 153, 156, 716 S.E.2d 261, 264 (2011) (citation and quotation marks omitted). Under this statutory scheme,
[i]f a person required to register changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered....
N.C. Gen.Stat. § 14-208.9(a) (2013).
A person required by this Article to register who willfully does any of the following is guilty of a Class F felony:
....
(2) Fails to notify the last registering sheriff of a change of address as required by this Article.
N.C. Gen.Stat. § 14-208.11(a)(2) (2013).
The three essential elements of this offense are "(1) the defendant is a person required to register; (2) the defendant changes his or her *193 address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change." State v. Leaks, --- N.C.App. ----, ----, 771 S.E.2d 795, 798 (2015).
In the present case, the superseding indictment lists the date of the offense as "December 2, 2013" and classifies the offense *875 as being a violation of "14-208.11(A)(2)." It then states the following:
The jurors for the State upon their oath present that on or about the date of the offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did, as person [sic] required by Article 27A of Chapter 14 of the General Statutes to register, fail to notify the last registering sheriff of a change of address in that the defendant failed to appear in person and provide written notification of his address change to the sheriff of Johnston County within three (3) days of the address change.
While the superseding indictment generally tracks the language of N.C. Gen.Stat. § 14-208.9(a), Defendant challenges the portion of the indictment alleging that he failed to notify the sheriff of his change of address within "three (3) days" of the address change, arguing that the indictment was required to instead state the relevant time period as three business days. Because of this omission of the word "business" in referencing the three-day period, Defendant argues that the indictment was fatally flawed and therefore invalid.
In support of his position, Defendant relies on State v. Barnett, 223 N.C.App. 65, 733 S.E.2d 95 (2012). In Barnett, this Court held that an indictment for the failure of a sex offender to report an address change was insufficient to charge the defendant where "the indictment substantially track [ed] the statutory language set forth in N.C. Gen.Stat. § 14-208.9(a) with respect to the second and third elements of the offense, [but] ma[de] no reference to the first essential element of the offense, i.e., that Defendant be 'a person required to register.' " Id. at 69, 733 S.E.2d at 98. In light of the omission of this entire element of the offense, we held that the indictment did not set forth all of the essential elements of the offense for which the defendant was charged such that the defendant's conviction was required to be vacated. Id. at 70-72, 733 S.E.2d at 99-100. Here, however, unlike in Barnett, all of the elements of the offense are referenced on the face of the indictment. We cannot conclude that the omission of the word "business" from the language *194 addressing the third element of the offense is analogous to the omission of an entire element as in Barnett.
While this Court has previously concluded in an unpublished opinion that the word "business" must be included in an indictment charging a violation of N.C. Gen.Stat. § 14-208.9(a), see State v. Osborne, --- N.C.App. ----, 763 S.E.2d 16 (2014) (unpublished), it is well settled that "[a]n unpublished opinion establishes no precedent and is not binding authority." Long v. Harris, 137 N.C.App. 461, 470, 528 S.E.2d 633, 639 (2000) (citation, quotation marks, and brackets omitted). Moreover, our Court has expressly declined to follow Osborne in Leaks. In Leaks, we held that
the Osborne Court held that [an] indictment [for failure of a sex offender to report an address change] was fatally defective because it failed to allege that (1) defendant did not provide "written notice " of his move, and (2) did not specify the time requirements as within "three business days" of the defendant's move to a new address. In effect, the Osborne Court imposed two additional essential elements of the offense set forth in N.C. Gen.Stat. § 14-208.9(a) -the "written notice" requirement and the "three business days" requirement. Given the holding in Osborne, defendant contends that his indictment was fatally defective because it too did not include the "written notice" requirement. We are not persuaded.
Leaks, --- N.C.App. at ----, 771 S.E.2d at 798-99 (internal citation omitted). While we agree that the better practice would have been for the indictment to have alleged here that Defendant failed to report his change of address within "three business days," we are satisfied that the superseding indictment nevertheless gave Defendant sufficient notice of the charge against him and, therefore, was not fatally defective.
On appeal, Defendant does not argue that he ever did actually live at 2133 Mamie Road following his notification to the Johnston County Sheriff's Office on 8 July 2013 that this was his new address. Therefore, the distinction between three calendar days and three business days is immaterial in this case *876 as the testimony of Smith and Mauney shows that Defendant had been in violation of the statute upon which he was charged between 8 July 2013 and his arrest.
Furthermore, Defendant did not argue at trial nor does he argue on appeal that he was in any way prejudiced in preparing his defense as a result of the omission of the word "business" from this portion of the *195 indictment. Indeed, Defendant does not claim that he (1) was unaware of the offense for which he was being charged; (2) was misled in any way; (3) was precluded from preparing a defense at trial, or (4) may be subjected to double jeopardy for the same offense in the future. See State v. Jones, 367 N.C. 299, 306-07, 758 S.E.2d 345, 351 (2014) (explaining that primary purposes of indictment are "(1) to provide such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial; and (4) to enable the court, on conviction or plea of nolo contendere or guilty to pronounce sentence according to the rights of the case" (citation, quotation marks, and brackets omitted)).
Accordingly, we fail to see any valid basis for holding that the superseding indictment was fatally flawed under these circumstances. Defendant's argument on this issue is therefore overruled.
II. Denial of Motion to Dismiss
Defendant next argues that the trial court erred in denying his motions to dismiss based on the insufficiency of the evidence. Because we conclude that Defendant has failed to preserve this issue for appellate review, we dismiss this portion of his appeal.
The motions to dismiss made by Defendant's counsel's at trial were based solely upon the premise that the superseding indictment was invalid. Defendant's counsel did not expressly make the argument in the trial court that he has raised on appeal, which is that there was insufficient evidence for the charge to proceed to the jury. Therefore, as Defendant failed to properly preserve his sufficiency of the evidence argument for appellate review, we dismiss Defendant's appeal as to this issue. See State v. Haselden, 357 N.C. 1, 17, 577 S.E.2d 594, 604-05 (concluding that defendant failed to preserve for appellate review argument regarding sufficiency of evidence because his motion to dismiss at trial was based solely on alleged inadequacies in indictment), cert. denied, 540 U.S. 988, 124 S.Ct. 475, 157 L.Ed.2d 382 (2003).
III. Ineffective Assistance of Counsel
Finally, Defendant argues, in the alternative, that he was denied effective assistance of counsel as a result of his trial counsel's failure to assert a motion to dismiss based on the insufficiency of the evidence so as to preserve this argument for appellate review. We disagree.
"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal."
*196 State v. Stroud, 147 N.C.App. 549, 553, 557 S.E.2d 544, 547 (2001), cert. denied, 356 N.C. 623, 575 S.E.2d 758 (2002). This is so because this Court, in reviewing the record, is "without the benefit of information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor, that could be provided in a full evidentiary hearing on a motion for appropriate relief." Id. at 554-55, 557 S.E.2d at 547 (internal citation, quotation marks, and brackets omitted). However, ineffective assistance of counsel claims are appropriately reviewed on direct appeal "when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Thompson, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (citation and quotation marks omitted), cert. denied, 546 U.S. 830, 126 S.Ct. 48, 163 L.Ed.2d 80 (2005).
In order to establish ineffective assistance of counsel, "a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." State v. Phillips, 365 N.C. 103, 118, 711 S.E.2d 122, 135 (2011) (citation and quotation *877 marks omitted), cert denied, - -- U.S. ----, 132 S.Ct. 1541, 182 L.Ed.2d 176 (2012).
Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (internal citations and quotation marks omitted), cert. denied, 549 U.S. 867, 127 S.Ct. 164, 166 L.Ed.2d 116 (2006).
In the present case, even if Defendant's trial counsel had specifically made a motion to dismiss based on the insufficiency of the evidence, the evidence presented by the State was sufficient to raise a jury question as to whether Defendant was guilty of the offense for which he was charged. As such, Defendant cannot satisfy the second element of a claim of ineffective assistance of counsel.
"When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion *197 to dismiss is properly denied." State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982).
When determining whether there is substantial evidence to sustain a conviction, all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion. The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom.
State v. Marion, --- N.C.App. ----, ----, 756 S.E.2d 61, 68 (citation and brackets omitted), disc. review denied, 367 N.C. 520, 762 S.E.2d 444-45 (2014).
As noted above, the essential elements for the offense of failure of a sex offender to report a change of address are "(1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change." Leaks, --- N.C.App. at ----, 771 S.E.2d at 798. With regard to the first element of the offense-which is unchallenged on appeal-the State presented evidence that Defendant had pled guilty to indecent liberties with a child in violation of N.C. Gen.Stat. § 14-202.1 in Johnston County Superior Court on 10 September 2001.
As to the second and third elements, the State presented evidence that Defendant had last registered a change of address with the Johnston County Sheriff's Office on 8 July 2013, listing his address as 2133 Mamie Road in Four Oaks, North Carolina. At trial, the State introduced the testimony of Baker and Lee, who discovered Defendant living at Baker's rental house at 2871 Old School Road on 29 November 2013. Lee testified at trial as follows:
Q. And you stated earlier when [Defendant] came out he said I've been living here since I got out of prison?
A. He said he had been in prison, that he apologized and he didn't have nowhere to go and that he had been staying there for some time.
Q. Did he say approximately how long he had been staying there?
A. I think he said-from my understanding was thirty days.
*198 Q. Okay. He stated to you I've been living here about thirty days?
A. Yeah, about a month.
The State also introduced the testimony of Smith and Mauney, the actual residents of 2133 Mamie Road, to demonstrate that Defendant had never actually resided at that address. Mauney testified as follows:
Q. How long have you lived at 2133-
A. Fourteen years.
Q. Fourteen years. And in the 14 years that you've lived there, Ms. Mauney, has *878 [Defendant] ever lived in your residence with you?
A. No ma'am.
Q. And do you know [Defendant] at all, Ms. Mauney?
A. No.
Finally, the State offered testimony at trial from Captain Strickland that Defendant never notified the Sheriff's Office of a new change of address between 8 July 2013 and the date of his arrest. The testimony from Lee, Mauney, and Captain Strickland constitutes substantial evidence of the second and third elements of the offense.
Because Defendant (1) never lived at the address he provided to the Johnston County Sheriff's Office on 8 July 2013; (2) was shown to have been living instead at the 2871 Old School Road address for approximately 30 days before he was discovered there and his presence reported to the Johnston County Sheriff's Office; and (3) never provided the State with a new address, sufficient evidence clearly existed for the jury to have reasonably found that he was in violation of N.C. Gen.Stat. § 14-208.9(a).
Defendant contends that because (1) the superseding indictment lists the date of the offense as 2 December 2013; and (2) that date was three calendar days after Defendant was discovered on 29 November 2013 at the 2871 Old School Road address, by the terms of the statute he would have had until 5 December 2013 (the date that fell three business days after 29 November 2013) in which to notify the Sheriff's Office of his new address and that "[t]he State offered no evidence that [Defendant] had failed to give the required change of address notice on or before" 5 December 2013. We are not persuaded.
*199 As discussed in the preceding section, the undisputed evidence was that Defendant notified the Johnston County Sheriff's Office on 8 July 2013 of a false address. Therefore, while the superseding indictment listed the date of the offense as 2 December 2013, Defendant's violation of the statute had actually been ongoing for almost five months prior to that date. Thus, while he was, in fact, in violation of the statute on 2 December 2013, he was likewise in violation for a period of over 140 days prior to that date.
Accordingly, had Defendant's trial counsel specifically asserted a motion to dismiss based on insufficiency of the evidence, the motion would have lacked merit. See State v. Pierce, --- N.C.App. ----, ----, 766 S.E.2d 854, 859-60 (2014) (finding sufficient evidence that defendant violated N.C. Gen.Stat. § 14-208.9(a) where "testimony of [two neighbors] support[ed] a reasonable inference that defendant resided with [his girlfriend] at her home" and girlfriend's home was not address he had registered with sheriff's office), disc. review denied, - -- N.C. ----, 772 S.E.2d 734 (2015) ; Fox, 216 N.C.App. at 158, 716 S.E.2d at 265-66 (evidence was sufficient to support conviction where defendant had reported that he was living with his father, his father "advised the officer that [the defendant] did not live [with him], and that defendant lived with his girlfriend somewhere in Morehead by the old Belk," and neighbor of defendant's girlfriend testified "defendant stayed at [his girlfriend's] apartment every day and evening" (brackets omitted)).
Therefore, because Defendant cannot establish prejudice as a result of his trial counsel's failure to make a motion to dismiss in the trial court on this specific ground, we conclude that his ineffective assistance of counsel claim lacks merit. See State v. Fraley, 202 N.C.App. 457, 467, 688 S.E.2d 778, 786 ("[I]f the evidence is sufficient to support a conviction, the defendant is not prejudiced by his counsel's failure to make a motion to dismiss at the close of all the evidence."), disc. review denied, 364 N.C. 243, 698 S.E.2d 660 (2010).
Conclusion
For the reasons stated above, we conclude that (1) Defendant's superseding indictment was not fatally flawed; (2) Defendant's appeal of the denial of his motion to dismiss must be dismissed; and (3) Defendant has failed to show that he received ineffective assistance of counsel.
NO ERROR; DISMISSED IN PART.
Judge STEELMAN concurs.
*200 *879 Judge HUNTER, JR. dissents in a separate opinion.
Judge STEELMAN concurred in this opinion prior to 30 June 2015.