Justice BEASLEY
dissenting.
The majority, in concluding that the indictment here was not facially invalid, violates a defendant’s right to be placed on reasonable notice of the charges pending against him. The majority incorrectly concludes *627 that the term “business day” is not an essential element of an indictment under N.C.G.S. § 14-208.11. Our case law supports a defendant’s right to be placed on reasonable notice of the charges against him and the indictment here failed to provide reasonable notice. Because subject matter jurisdiction does not vest with the trial court under a fatally defective indictment, I respectfully dissent.
Defendant, a registered sex offender, is required to register as such pursuant to N.C.G.S. § 14-208.11. This statute states that one who willfully “[flails to report in person to the sheriffs office” as required by sections 14-208.7, 14-208.9, and 14-208.9A is guilty of a Class F felony. N.C.G.S. § 14-208.11(a)(7) (2013). Section 14-208.9 sets out the specific reporting requirements and states, in relevant part, “[i]f a person required to register changes address, the person shall report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered.” Id. § 14-208.9(a) (2014) (emphasis added).
I note here that defendant failed to object to the sufficiency of the indictment in the trial court or before the Court of Appeals. Defendant now raises the argument that the indictment was facially invalid, and therefore the trial court lacked subject matter jurisdiction. Defendant may timely raise this jurisdictional argument for the first time on appeal to this Court because an argument that the trial court lacked subject matter jurisdiction may be raised at any time after a verdict. See State v. Sturdivant, 304 N.C. 293, 307-08, 283 S.E.2d 719, 729-30 (1981); see also State v. Harwood, _ N.C. App. _, _, 777 S.E.2d 116, 118 (2015) (“The issue of a court’s jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court sua sponte.”'). While it appears defendant raised an argument under the North Carolina Constitution, his analysis is consistently grounded in the interpretation of section 14-208.9. Further, given the conflicting analyses in recent Court of Appeals opinions, this Court properly addresses defendant’s petition for discretionary review.
In determining essential elements to be included in an indictment, it is important to recognize that there is a long-standing trend which disfavors hypertechnical, common law pleadings and favors more practical, liberal pleadings. The General Assembly adopted the Criminal Procedure Act of 1975, which modernized archaic pleading requirements for criminal indictments. See State v. Freeman, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985) (“It is unnecessary for us to decide here whether that rule drawn from the ancient strict pleading requirements of the common law has survived the more liberal criminal pleading requirements of our *628 new Criminal Procedure Act and other recent legislation designed to remove from our law unnecessary technicalities which tend to obstruct justice.”); see also State v. Worsley, 336 N.C. 268, 279, 443 S.E.2d 68, 73 (1994) (observing that N.C.G.S. § 15A-924 “supplanted prior law” requiring more strictly pleaded indictments (citations omitted)); State v. Palmer, 293 N.C. 633, 638, 239 S.E.2d 406, 410 (1977) (explaining the requirements of N.C.G.S. § 15A-924 (citations omitted)).
The Criminal Procedure Act sets forth the minimum standard for a sufficient indictment in North Carolina by requiring
[ a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant’s commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
N.C.G.S. § 15A-924(a)(5) (2013). Indictments serve “(1) [to provide] such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of nolo contendere or guilty to pronounce sentence according to the rights of the case.” State v. Greer, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953) (citations omitted).
“An indictment charging a statutory offense must allege all of the essential elements of the offense.” State v. Snyder, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citations omitted). “It is well settled that ‘a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.’ ” State v. Abraham, 338 N.C. 315, 339, 451 S.E.2d 131, 143-44 (1994) (quoting Sturdivant, 304 N.C. at 308, 283 S.E.2d at 729). “The existence of subject matter jurisdiction is a matter of law and ‘cannot be conferred upon a court by consent.’ ” In re K.J.L., 363 N.C. 343, 345-46, 677 S.E.2d 835, 837 (2009) (quoting In re T.R.P., 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006)).[1] An appellate court must vacate any judgment or conviction based upon a facially invalid indictment because the indictment fails to confer jurisdiction to the trial court. See State v. Petersilie, 334 N.C. 169, 175-76, 432 S.E.2d 832, 835-36 (1993) *629 (citations omitted); see also State v. Jarvis, 50 N.C. App. 679, 680-81, 274 S.E.2d 852, 852 (1981) (where the trial court dismissed the indictment sua sponte for lack of subject matter jurisdiction).
Critically, in the statute at issue, the General Assembly amended the time by which an offender must report his address change to the local sheriff’s department. Initially, in 1996 the legislature required that an offender submit his change of address to the sheriff no later than the tenth day after the change. Act of July 29,1995, ch. 545, sec. 1,1995 N.C. Sess. Laws 2046, 2048 (effective 1 January 1996). In 2008 the legislature reduced the time period by which an offender must report his address change from the tenth day to the third business day after the change. Act of July 18, 2008, ch. 117, sec. 9, 2007 N.C. Sess. Laws (Reg. Sess. 2008) 426, 430-31 (emphases added).
The majority errs by discounting the significance of the “third business day” reporting requirement established by the General Assembly. In 2006 Congress enacted the Sex Offender Registration and Notification Act (SORNA) to provide a comprehensive system for nationwide sex offender registration.[2] See United States v. Price, 777 F.3d 700, 703 (4th Cir.), cert. denied, _ U.S. _, 192 L. Ed. 2d 941 (2015).
Congress through SORNA has not commandeered . . . nor compelled the state [s] to comply with its requirements. Congress has simply placed conditions on the receipt of federal funds. A state is free to keep its existing sex-offender registry system in place (and risk losing funding) or adhere to SORNA’s requirements (and maintain funding).
United States v. White, 782 F.3d 1118, 1128 (10th Cir. 2015) (quoting United States v. Felts, 674 F.3d 599, 608 (6th Cir. 2012)). In North Carolina, by amending section 14-208.9 to require notification of an address change within three business days, the legislature intended to comply with the SORNA requirement to adopt the statutory language in 42 U.S.C. § 16913(c), which provides that “[i]f a sex offender *630 changes his residence, employment, or student status, he must update his registration within three business days.” Price, 777 F.3d at 703-04 (emphasis added).[3]
The legislature also 'intended to shorten the “grace period” during which an offender must report an address change and to specify the method by which the address change period is calculated. The legislature’s deliberate change from “day” to “business day” alleviates confusion for offenders and law enforcement. For example, if a defendant’s address changes on Thursday, without this business day requirement, it would be unclear whether that defendant is required to report his change of address to the sheriff by the following Sunday or by the following Tuesday. This statute provides clarity and reasonable notice to a defendant. Because the legislature deliberately carved out this distinction, this nomenclature is not hypertechnical surplusage.
The majority cites three recent opinions from the Corut of Appeals as support that the term “business days” is not an element of the offense and, therefore, not compulsory language in an indictment under section 14-208.9. In State v. Leaks, upon the sheriff’s office’s realization that defendant was no longer occupying the address he previously registered, the sheriff’s office sent defendant “an address verification letter” that was later returned as “undeliverable.”_ N.C. App. _, _, 771 S.E.2d 795, 797 (2015). In Leaks the defendant argued that his indictment was insufficient because it did not state that “he was required to provide ‘written notice’ ” of his address change. _ N.C. App. at _, 771 S.E.2d at 797-98. The defendant relied on State v. Osborne, an unpublished Court of Appeals decision, which held that “written notice” and “three business days” are essential elements of the offense. Id. at _, 771 S.E.2d at 798 (citing State v. Osborne, _ N.C. App. _, 763 S.E.2d 16, 2014 WL 2993855 (2014) (unpublished). The issue of whether “three *631 business days” is an element of N.C.G.S. § 14-208.9(a) was not raised in Leaks. The Court of Appeals held in Leaks that the statutory requirement that notice be provided “in writing” is an evidentiary matter and not an element of the offense. Id. at _, 771 S.E.2d at 799. Moreover, the Court of Appeals relied on State v. Abshire, 363 N.C. 322, 677 S.E.2d 444 (2009), to reject the defendant’s argument that the indictment failed to confer subject matter jurisdiction to the trial court. Id. at _, 771 S.E.2d at 799.
Similarly, in State v. McLamb, following the sheriff’s office’s discovery that defendant had vacated his last registered address without notifying that office, the defendant was convicted for failing to register. _ N.C. App. _, _, 777 S.E.2d 150, 151 (2015). On appeal the defendant argued that the indictment was deficient because it failed to contain language alleging the required “written notice” and “three business days.” Id. at _, 777 S.E.2d at 151. The Court of Appeals rejected the analysis in Osborne, noting that the court had since issued Leaks and State v. James, _ N.C. App. _, 774 S.E.2d 871 (2015), which held respectively that the exclusion of “written notice” in Leaks and of “three business days” in James was not a fatal defect. McLamb, _ N.C. App. at _, 777 S.E.2d at 152. The court noted, however, that the better practice is for the indictment to include the words “written notice” and “three business days.” Id. at _, 777 S.E.2d at 153.[4]
The majority also cites State v. Furr, an unpublished opinion, to support its conclusion that “three business days is not required for an indictment under N.C.G.S. § 14-208.11.” In Furr the sheriff’s office received information that the defendant did not reside at his registered address, which was confirmed by the woman with whom the defendant was living. _ N.C. App. _, 775 S.E.2d 693, 2015 WL 3791729 at *1-2 (2015). On appeal the defendant argued that the indictment did not confer subject matter jurisdiction because of its omission of “written notice” and “three business days.” 2015 WL 3791729 at *2. In Furr the Court of Appeals again declined to follow Osborne, concluding that Osborne is not controlling because the opinion is unpublished. Id. at *4. The Court of Appeals instead relied on its published opinions in State v. Pierce, _ N.C. App. _, 766 S.E.2d 854 (2014), and State v. Harrison, 165 N.C. App. 332, 598 S.E.2d 261 (2004), both of which held that the indictments *632 were sufficient despite their failure to allege “additional elements.” Furr, 2015 WL 3791729 at *4.
It is noteworthy that State v. Leaks, State v. McLamb, and State v. Furr were all decided by the Court of Appeals after the present case was decided by that court. The conflicts in the Court of Appeals’ opinions, as reflected in Leaks, McLamb, Furr, and Osborne, suggest that the court has not settled this issue, as the split in its own precedent demonstrates and, therefore, is not persuasive.
Here defendant also argues that the “timing of the offense is a specific element” and that the indictment was invalid because it alleged “a window of five months during which [defendant] could have committed a crime involving a three day threshold.” The majority cites State v. Harrison for the proposition that the time of the commission of the offense is not essential. In Harrison, decided by the Court of Appeals before Osborne, the Court of Appeals rejected the defendant’s argument that the indictment failed to confer jurisdiction to the trial court because the indictment did not identify the specific dates of the moves or the new address. 165 N.C. App. at 336, 598 S.E.2d at 263. The Court of Appeals ultimately held that the indictment gave the defendant adequate notice of the charges pending against him. Id. at 336, 598 S.E.2d at 263.
It cannot be that, as the majority writes, “it does not matter when the crime occurred” because it is imperative that if a failure to report an address change is alleged, a defendant must have notice of the time by which he must have reported an address change. It proves impossible for a defendant to be properly noticed, as the statute requires, of the time by which he must report an address change to the sheriff if the indictment does not inform that defendant of the time during which the State alleges he violated the statute. Neither the statute nor SORNA makes that time requirement a fluid one. It does appear that when, as here, the time period is alleged, the proof thereof is an evidentiary matter.
The majority correctly assesses that defendant’s reliance on State v. Abshire is misguided for the proposition that “three business days” is an essential element of the offense. The majority also correctly characterizes the holding in Abshire as defining “address” consistent with SORNA’s intent. Abshire did not address whether “three business days,” or ten days per the statute at the time Abshire was decided, is an essential element.
Therefore, because I would hold that the term “business day” is an essential element for an indictment charging a defendant -under N.C.G.S. § 14-208.11, and thus the indictment at issue here is facially invalid, *633 I respectfully dissent. I would remand this case to the Court of Appeals for remand to the trial court with instructions to vacate the judgment based upon this fatally defective indictment.
Justice HUDSON joins in this dissenting opinion.

. Although the case cited is a civil case, if a parly to a civil action cannot waive subject matter jurisdiction, because subject matter jurisdiction must vest with the trial court, a criminal defendant must also be prohibited from such waiver.

. SORNA, also known as the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act), is mostly codified at 42 U.S.C. §§ 16901-16962. See Adam Walsh Act, Pub. L. No. 109-248, Title 1,120 Stat. 587 (2006). North Carolina is one of numerous states that have not substantially implemented SORNA, but the State complies with many of its provisions as a requirement to receive federal funding for crime labs, prisons and jails, and other law enforcement programs. Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART), Office of Justice Programs, U.S. Dep’t of Justice, SORNA, http://www.smart.gov/soma.htm (last visited Jan. 25, 2016); see, e.g., White, 782 F.3d at 1128.

. Though not defined in this context by the legislature, we assume that a business day occurs Monday through Friday during “bankers’ hours.”
Further, N.C.G.S. § 90-95 is another example in which the legislature intended to distinguish business days and calendar days. Time is an essential element in this statute in that the Legislature has codified time limits by which a defendant has a right to object to the State’s admitting certain toxicology evidence at trial. See N.C.G.S. § 90-95(g) (2014) (requiring the State to provide notice to a defendant at least 15 business days before a judicial proceeding of its intent to introduce a toxicology report into evidence and allowing the defendant up to five business days to object to introduction of the report into evidence). Although section 90-95 is based on the Confrontation Clause, this statute highlights the importance of distinguishing between business days and calendar days in the criminal context.

. James noted that defendant was not prejudiced by the omission of the words “three business days” from the indictment. Further, the court opined that the “indictment nevertheless gave [the defendant sufficient notice of the charge against him.” _ N.C. App. at _, 774 S.E.2d at 875.