STATE OF NORTH CAROLINA v. CARL HARRISON

No. COA03-1362

(Filed 6 July 2004)

**1. Constitutional Law— double jeopardy—failure to register as sex offender—prior record—inclusion of underlying rape**

Defendant was not subjected to double jeopardy by the inclusion of the underlying second-degree rape conviction in his prior record level during his sentencing for failing to register as a sex offender.

**2. Sexual Offenses— failing to register as a sex offender— indictment—elements of offense**

An indictment against a homeless defendant for failing to register as a sex offender was sufficient where it clearly stated

STATE v. HARRISON

[165 N.C. App. 332 (2004)]

the elements of the offense. The argument that the indictment failed by not identifying the specific dates defendant moved and his new addresses is without merit.

Appeal by defendant from judgment entered 20 May 2003 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 June 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Lorrin Freeman, for the State.*

*Michelle FormyDuval-Lynch, for defendant-appellant.*

TYSON, Judge.

Carl Harrison ("defendant") appeals from a judgment entered after he entered a guilty plea of failing to register as a sex offender. We affirm.

## I. Background

On 13 March 1992, defendant entered a guilty plea to the charge of second-degree rape and was sentenced to fifteen years active imprisonment. Upon release from prison on 25 April 1997, defendant was required to register as a sex offender. On 28 April 1997, defendant appeared at the Mecklenburg County Sheriff's Office, registered his address at his mother's house on Markland Drive, Apartment B, in Charlotte, North Carolina, and signed a document, in which he acknowledged a duty to inform the Sheriff of any change of address within ten days. Defendant's mother suffered a stroke and became very ill. After several hospitalizations, she lost her home. Defendant became homeless and began staying in shelters.

On 20 March 2002, a Mecklenburg County Sheriff's Deputy visited the address at Markland Drive to verify defendant's residence. The current occupant informed the deputy that she had been residing in the house since May 2001 and did not know defendant. Defendant was arrested on 10 September 2002 and entered a guilty plea for his failure to register as a sex offender on 20 May 2003, reserving his right to appeal the issues below.

## II. Issues

The issues presented are whether: (1) the trial court erred in calculating defendant's prior record level by including his conviction of

second-degree rape; and (2) the indictment was insufficient to support the offense of which defendant was convicted.

## III. Prior Record Level

[1] Defendant argues the trial court violated the Structured Sentencing Act and his right to be protected against double jeopardy by including his conviction for second-degree rape in calculating his prior record level for sentencing. We disagree.

N.C. Gen. Stat. § 14-208.11 (2003) states:

(a) A person required by this Article to register who does any of the following is guilty of a Class F felony:

. . . .

    (2) Fails to notify the last registering sheriff of a change of address.

Defendant does not challenge his conviction of violating this statute. Defendant argues his conviction for second-degree rape is an element of the offense at bar, which precludes the trial court from using this conviction in determining his record level during sentencing.

"To meet its burden under § 14-208.11(a)(2), the State must prove that: 1) the defendant is a sex offender who is required to register; and 2) that defendant failed to notify the last registering sheriff of a change of address." *State v. Holmes*, 149 N.C. App. 572, 577, 562 S.E.2d 26, 30 (2002). To establish the first element, the State must prove that defendant is a State resident and that he has a "reportable conviction." N.C. Gen. Stat. § 14-208.7(a) (2003). N.C. Gen. Stat. § 14.208.6 (2003) classifies second-degree rape as a "reportable conviction."

Defendant contends being a sexual offender is similar to being an habitual felon and the trial court is precluded from using the sexual offense in calculating his prior convictions. We disagree. "Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence." *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977). Failing to register as a sexual offender, however, is not a status but constitutes a separate crime. *See* N.C. Gen. Stat. § 14-208.11 ("A person required by this Article to register who does any of the following is guilty of a Class F felony . . . .").

The State argues that defendant's conviction of second-degree rape is not 'an element of the offense charged, but is analogous to a conviction for the offense of possession of a firearm by a felon in violation of N.C. Gen. Stat. § 14-415.1. Under this statute, it is unlawful for "any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches . . . ." N.C. Gen. Stat. § 14-415.1(a) (2003). In *State v. Glasco*, we explicitly rejected defendant's argument that "the indictment violates his constitutional rights by utilizing the same felony charge as the basis for his underlying conviction for possession of a firearm by a convicted felon and as one of the three underlying felonies used to elevate him to habitual felon status." 160 N.C. App. 150, 160, 585 S.E.2d 257, 264, *disc. rev. denied*, 357 N.C. 580, 589 S.E.2d 356 (2003). We held, "[o]ur courts have determined that elements used to establish an underlying conviction may also be used to establish a defendant's status as a[n] habitual felon." *Id.* (citing *State v. Misenheimer*, 123 N.C. App. 156, 158, 472 S.E.2d 191, 192-93 (1996), *cert. denied*, 344 N.C. 441, 476 S.E.2d 128 (1996)).

Following this reasoning, we hold defendant was not subjected to double jeopardy by including his conviction of second-degree rape in calculating his prior record level. This assignment of error is overruled.

## IV. Indictment

[2] Defendant argues the indictment fails to indicate defendant's new address, does not provide adequate notice to enable him to prepare his defense, is fatally defective, and requires his conviction be vacated. We disagree.

N.C. Gen. Stat. § 15-153 (2003) provides:

Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.

"It is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is

intended." *State v. Coker*, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984) (citing 41 Am. Jur. 2d, *Indictments and Informations* § 68 (1968)). "A defect in an indictment is considered fatal if it 'wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty.' " *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998) (quoting *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943)).

Defendant's indictment clearly charges him with "Failing to Register As A Sexual Offender G.S. 14-208.11." The indictment states:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 20th day of March, 2002, in Mecklenburg County, Carl Rayfette Harrison did unlawfully, willfully and feloniously as a person required by Article 27A of Chapter 14 of the General Statutes of North Carolina to register as a sexual offender, knowingly and with the intent to violate the provisions of said Article, fail to register as a sexual offender in that said defendant, a Mecklenburg County, North Carolina resident, changed his address and failed to provide written notice of his new address no later than ten (10) days after the change to the Sheriff's Office in the county with whom he had last registered.

The indictment sufficiently states with particularity the violation of which defendant was charged. The indictment clearly states the elements "of the offense of which the defendant is found guilty." *Wilson*, 128 N.C. App. at 691, 497 S.E.2d at 419. Defendant's argument that the indictment's failure to identify specific dates he moved and the identification of his new address is without merit. This assignment of error is overruled.

### V.  Conclusion

The trial court did not err by including defendant's conviction of second-degree rape in calculating his prior record level during sentencing. The indictment at bar provided defendant with ample notice of the charge to allow him to adequately prepare a defense for trial. The trial court's judgment is affirmed.

Affirmed.

Judges BRYANT and STEELMAN concur.