BRYANT, Judge.
Where the indictment charges an offense based on the language of the statute and puts defendant on reasonable notice of those charges, the indictment is not defective and is sufficient to confer jurisdiction upon the trial court. Where defendant fails to meet his burden to show trial counsel made errors so serious as to deprive defendant of a fair trial, defendant cannot prevail on his ineffective assistance of counsel claim.
On 10 June 2013, in Cleveland County Superior Court, defendant Christopher Lee Furr-a registered sex offender-was indicted for failing to report a new address and for attaining habitual felon status. A trial on the matter was commenced during the 16-17 January 2014 Criminal Session of Cleveland County Superior Court, the Honorable Hugh B. Lewis, Judge presiding.
Evidence admitted at trial established that on 9 November 2005 defendant was convicted of second-degree kidnapping and taking indecent liberties with a child. Defendant served an active sentence for those convictions and was released to post-release supervision. On 26 February 2010, defendant registered as a sex offender with the Cleveland County Adult Probation/Parole, Department of Public Safety. As part of his registration, defendant signed an offender acknowledgment including a notice of his duty to register. Within the notice, defendant initialed the following pertinent statements as an indication of his understanding:
10. Change of address, change of academic status or educational employment status:
...
I shall report the address or a detailed description of every location I reside or live at.
On 14 March 2013, defendant submitted in person to the Cleveland County Sheriff's Office a change of address form indicating that he then resided at 6302 Wards Gap Road, Casar in Cleveland County. Defendant indicated that his aunt also resided at 6302 Wards Gap Road.
Arnold Gilbert, a former patrol officer with the Cleveland County Sheriff's Department, who lived in Cleveland County, in Casar, on Walker Road, contacted an officer working with the Department and asked if defendant was on the sex-offender registry and was he registered to live at 128 Walker Road. Gilbert had known defendant for about twenty years and had routinely observed defendant and Holly King entering 128 Walker Road ("the King residence"). Gilbert testified that defendant had been living at the King residence for four or five months.
On 1 May 2013, Sergeant Rodney Fitch with the Cleveland County Sheriff's Office conducted a "knock-and-talk" at the King residence. He wanted "to see if [defendant] was living at [that] address, because he had information that [defendant] was living at that residence and was a registered sex-offender and wasn't showing that residence as his place to be living." Sergeant Fitch spoke to Peggy King, the homeowner.
A. I asked Ms. [Peggy] King if [defendant] was living at her address, and she said yes.
Q. And did she tell you how long he had been living there?
A. Well, what she had told me was he had been living there since he was last released from jail. So I came back to the sheriff's office and looked in the computer to see when exactly that date was.
Q. And what was the date you found?
A. The date that I found was March the 11th [of 2013].
On 10 May 2013, at 5:00 a.m., officers with the Cleveland County Sheriff's Office went to the King residence in an attempt to serve a warrant on defendant. Peggy King indicated that defendant was inside and allowed the officers to enter her home. Officers observed defendant run outside through a door in the basement and across an open field before losing sight of him. Later that day, Officer Steve Hunt returned to the King residence and was granted permission to search the residence by Holly King. Officer Hunt located defendant in the basement of the residence, hiding under a table.
[W]e informed him what the warrant was for, [willfully and feloniously moving from the registered address of 6302 Wards Gap Road, Casar NC to 128 Walker Road, Casar (the King residence) and failing to notify the registering sheriff of the change of address, within three business days of moving,] and he told us, you know, that was a bunch of bull, that he didn't live there. But he just-he hadn't moved in, all he done was kept his clothes there. He didn't move all his stuff there.
Defendant's aunt, who resided at 6302 Wards Gap Road, testified that defendant kept "his stuff" in her residence: "[his] clothes; his drawers; [ ] the bed he slept in; his stereo; ... and the VCR and TV [, and also a computer that defendant used to download music]." Defendant also kept a picture of his son in the room. Defendant received mail at his aunt's house. Defendant's aunt testified that she was aware that defendant was dating Holly King and that she had told defendant she did not want Holly staying at her house anymore. She also testified that defendant never stated he was moving to Holly's residence.
At the close of the evidence, the case was submitted to the jury and the jury returned a guilty verdict on the charge of failure to report a new address. Defendant entered a plea of guilty to the charge of attaining habitual felon status. The trial court entered judgment in accordance with the jury verdict and defendant's guilty plea. In a consolidated judgment, defendant was sentenced to an active term of 117 to 153 months. Defendant appeals.
____________________
On appeal, defendant raises the following issues: (I) did the trial court fail to acquire jurisdiction due to a defective indictment; (II) did the trial court err by failing to instruct the jury on the definition of "willfully"; and (III) did defendant receive ineffective assistance of counsel.
I
Defendant first argues that the trial court failed to acquire jurisdiction over this matter because the indictment charging him with a violation of N.C. Gen.Stat. § 14-208.11(a)(2) -failure to notify sheriff of a change of address as required for a sex offender-was defective, an argument he raises for the first time on appeal. Defendant contends that essential elements required to establish a criminal offense in violation of N.C.G.S. § 14-208.11(a)(2) -that defendant failed to give written notice of his address change or that defendant failed to give notice within three business days of his address change-are not stated in the indictment. Defendant contends that the omission of each element renders the indictment defective, and thus, the indictment fails to confer jurisdiction upon the trial court. We disagree.
"The issue of subject matter jurisdiction may be raised at any time, even for the first time on appeal." State v. Barnett,223 N.C.App. 65, 68, 733 S.E.2d 95, 98 (2012) (citation omitted).
It is well settled that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony. Lack of jurisdiction in the trial court due to a fatally defective indictment requires the appellate court to arrest judgment or vacate any order entered without authority.
Id.at 68, 733 S.E.2d at 97 (citations and quotations omitted). "On appeal, we review the sufficiency of an indictment de novo." State v. McKoy,196 N.C.App. 650, 652, 675 S.E.2d 406, 409 (2009) (citation omitted).
Pursuant to North Carolina General Statutes, section 15A-924,
[a] criminal pleading must contain: ... (5)[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
N.C. Gen.Stat. § 15A-924(a)(5) (2013).
The two purposes of an indictment are to make clear the offense charged so that the investigation may be confined to that offense, that proper procedure may be followed, and applicable law invoked; and to put the defendant on reasonable notice so as to enable him to make his defense.
State v. Collins,221 N.C.App. 604, 610, 727 S.E.2d 922, 926 (2012) (citation and quotations omitted). "A defect in an indictment is considered fatal if it wholly fails to charge some offense or fails to state some essential and necessary element of the offense of which the defendant is found guilty." State v. Wilson,128 N.C.App. 688, 691, 497 S.E.2d 416, 419 (1998) (citation omitted). "If the charge is a statutory offense, the indictment is sufficient when it charges the offense in the language of the statute." State v. Floyd,148 N.C.App. 290, 295, 558 S .E.2d 237, 241 (2002) (citation and quotations omitted).
North Carolina General Statutes, section 14-208.11 states (a) "A person required by this Article to register who willfully does any of the following is guilty of a Class F felony: (2) Fails to notify the last registering sheriff of a change of address as required by this Article." N.C. Gen.Stat. § 14-208.11(a)(2).
The indictment charging defendant with a violation of this statute states:
The jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above [ ] defendant named above unlawfully, willfully and feloniously did as a person required by Article 27A of the North Carolina General Statutesto [sic] register as a sex offenderand notify the Sheriff of the county of his residence of his current address, knowingly and with the intent to violate the provisions of that article, did fail to notify the last registering sheriff of a change of address as required by this article.
(emphasis added). The range of offense date listed on the indictment was "03/20/2013-5/9/2013."
Defendant argues that the indictment is defective and cites an unpublished opinion of this Court, State v. Osborne,No. COA13-1372, 2014 N.C.App. LEXIS 700 (N.C.App. July 1, 2014). In Osborne,the defendant appealed from a judgment that he violated N.C.G.S. § 14-208.11(a)(2) by failing to notify the sheriff's office when he moved to a new address. The OsborneCourt read section 14-208.11(a)(2)in pari materiawith section 14-208.9(a), and found that the defendant's indictment failed to (1) allege that the defendant failed to notify the sheriff in writing;and (2) specify the statutory notification period was within three business daysof his move to a new address. Osborne,No. COA13-1372, 2014 N.C.App. LEXIS 700, at *7. The OsborneCourt then held the discrepancy between the indictment and the language of section 14-208.9(a) to be a fatal defect. Id.While we understand why defendant cites to Osborne,we also emphasize that, as an unpublished opinion, Osborneis not controlling. SeeN.C. R.App. 30(e)(3) (2015).[1]
In our published cases, where indictments charged registered sex offenders with failure to notify a sheriff of an address change, this Court has overruled challenges based on a failure to assert what were alleged to be additional elements of the statutory offense. In State v. Pierce,--- N.C.App. ----, 766 S.E.2d 854 (2014), the defendant's challenge to the sufficiency of the indictment based on the failure of the indictment to allege additional elements was overruled. This Court found the indictment sufficient in its totality to put the defendant on notice of the offense for which he was charged and convicted. Id.at ----, 766 S.E.2d at 858. In State v. Harrison,165 N.C.App. 332, 598 S.E.2d 261 (2004), the defendant's challenge, that the indictment charging him with failure to register as a sex offender was fatally defective due to failure of the indictment to identify specific dates during which the defendant moved, was rejected. This Court held that "the indictment sufficiently state[d] with particularity the violation of which defendant was charged." Id.at 336, 598 S.E.2d at 263.
In the instant case, defendant was charged with violating N.C.G.S. § 14-208.11(a)(2), "Fail[ure] to notify the last registering sheriff of a change of address as required by this Article." N.C. Gen.Stat. § 14-208.11(a)(2). Defendant's indictment contained the language of the statute and made clear the offense charged, thus, putting defendant on reasonable notice so as to enable him to make a defense. See Collins,221 N.C.App. at 610, 727 S.E.2d at 926 ; see alsoN.C.G.S. § 15A-924(a)(5) ; see also Barnett,223 N.C.App. at 68-69, 733 S.E.2d at 98 ("The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." (citation and quotations omitted)).
Finding no defect in the indictment we hold it to be sufficient to confer jurisdiction on the trial court. See Floyd,148 N.C.App. at 295, 558 S.E.2d at 241. Defendant's argument is overruled.
II
Next, defendant contends that the trial court erred by failing to include the definition of "willfully" in its instructions to the jury. Defendant argues that absent an instruction on the definitionof "willfully," the word was rendered superfluous in the jury instructions, and the jury was not adequately directed to consider whether defendant acted with a bad purpose. On this basis, defendant argues he is entitled to a new trial. We dismiss this argument.
Pursuant to our Rules of Appellate Procedure, "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R.App. 10(a)(1) (2015). "A party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless the party objects thereto before the jury retires to consider its verdict...." Id.R.App. P. 10(a)(2). However, "[i]n criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." Id.R.App. P. 10(a)(4) ; see also State v. Lawrence,365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) ("To have an alleged error reviewed under the plain error standard, the defendant must 'specifically and distinctly' contend that the alleged error constitutes plain error. N.C. R.App. P. 10(a)(4).... " (citation omitted)).
In the instant case, the trial court instructed the jury that in order to convict defendant of the offense charged they must find, among other things, that defendant "willfully changed [his] address ." Defendant did not object to that portion of the trial court's instruction nor did defendant request that the trial court instruct on the definitionof "willfully." Further, on appeal, defendant neglects to contend that the failure of the trial court to instruct the jury on the definition of "willfully" amounted to plain error. See State v. Wright,210 N.C.App. 697, 703, 709 S .E.2d 471, 475 (2011) ("[The] Defendant failed to 'specifically and distinctly' contend that the trial court's jury instructions ... amounted to plain error. Therefore, this issue has been waived on appeal and is dismissed." (citation omitted)).
As defendant failed to preserve this issue before the trial court, and before this Court fails to specifically and distinctly contend that the trial court committed plain error, this matter is not appropriately before us for review. This issue is dismissed.
III
In his last argument, defendant asserts that his trial counsel provided ineffective assistance of counsel by failing to request that the trial court define "willfully" for the jury. More specifically, defendant contends that defense counsel failed to recognize a distinction between intent and willfulness, and that defense counsel's comments on intent had the effect of lowering the bar and making the prosecution's case easier to prove. Defendant contends defense counsel's actions were deficient as a matter of law and constituted ineffective assistance of counsel. Defendant's argument must fail.
It is well established that ineffective assistance of counsel claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i .e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing.
State v. Satterthwaite,--- N.C.App. ----, 759 S.E.2d 369, 371 (2014) (citations and quotations omitted). This record is sufficient to review defendant's ineffective assistance of counsel claim.
When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness. Strickland v. Washington,466 U.S. [668], [687], 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). In order to meet this burden defendant must satisfy a two part test.
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id.at [687], 104 S.Ct. at 2064, 80 L.Ed.2d at 693.
State v. Braswell,312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). "The first element requires a showing that counsel made serious errors; and the latter requires a showing that, even if counsel made an unreasonable error, there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." State v. Best,214 N.C.App. 39, 48, 713 S.E.2d 556, 562 (2011) (citation and quotations omitted). "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." State v. Murrell,362 N.C. 375, 398, 665 S.E.2d 61, 77 (2008) (citation omitted). Also, "[c]ounsel is given wide latitude in matters of strategy, and the burden to show that counsel's performance fell short of the required standard is a heavy one for [a] defendant to bear." State v. Fletcher,354 N.C. 455, 482, 555 S.E.2d 534, 551 (2001).
At trial, defense counsel requested a jury instruction on intent, and argued strenuously to the trial court that defendant's intent-whether defendant considered the move from his aunt's house to his girlfriend's house to be temporary or permanent-was a significant question for the jury. The trial court, based on the Supreme Court's statement in State v. Abshire,[2] that the crime of failure to notify a change of address is a strict liability crime, denied the requested instruction.
Defendant's ineffective assistance of counsel claim must fail because he cannot show that counsel's request for a jury instruction on intent or that counsel's failure to request an instruction on the definition of willfulness, amounted to error, and certainly not serious error. Here, the trial court instructed the jury in pertinent part that to find defendant guilty they must find that he willfully changed his address. The definition of willfulness is not a part of the statute and it is unlikely the trial court would have given such instruction even upon request; therefore, defense counsel's failure to request such an instruction could not be considered deficient, and could not serve as the catalyst for a different result. Defendant simply cannot meet his burden to show a different outcome would have been reached had the trial court instructed on the definition of willfulness, or had defense counsel not requested an instruction on intent.
Accordingly, defendant's argument that he received ineffective assistance of counsel is overruled.
NO ERROR.
Chief Judge McGEE and Judge STEELMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 21 January 2014 by Judge Hugh B. Lewis in Cleveland County Superior Court. Heard in the Court of Appeals 16 February 2015.

"An unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority.... If a party believes, nevertheless, that an unpublished opinion has precedential value to a material issue in the case and that there is no published opinion that would serve as well, the party may cite the unpublished opinion...." Id.

In Abshire, our Supreme Court stated the following:
The crime of failing to notify the appropriate sheriff of a sex offender's change of address under N.C.G.S. § 14-208.11(a) is a strict liability offense. The crime contains three essential elements: (1) the defendant is a "person required ... to register," N.C.G.S. § 14-208.11(a) ; (2) the defendant "change[s]" his or her "address," id. § 14-208.11(a)(2) ; and (3) the defendant "[f]ails to notify the last registering sheriff of [the] change of address," id., "not later than the tenth day after the change," N.C.G.S. § 14-208.9(a).
State v. Abshire, 363 N.C. 322, 328, 677 S.E.2d 444, 449 (2009).