McCULLOUGH, Judge.
 

 *486
 
 Jimmie Rodgers McLamb ("defendant") appeals from judgment entered upon his conviction for failure to register as a sex offender. On appeal, defendant contends that the indictment was insufficient to confer subject matter jurisdiction upon the trial court. For the following reasons, we find no error.
 

 I.
 
 Background
 

 On 13 June 2007, defendant pleaded guilty to sexual battery in violation of N.C. Gen.Stat. § 14-27.5A(a) in Duplin County Superior Court. As a result of this conviction, defendant was required to register as a sex offender under N.C. Gen.Stat. § 14-208.7
 
 et seq.
 
 Defendant was later arrested on 21 May 2013 by Captain Julian Carr of the Sampson County Sheriff's Office during "Operation Southern Watch," an initiative under
 
 *487
 
 the
 
 *151
 
 Sampson County Sheriff's Office Registering Verification Campaign. On 16 October 2013, a Sampson County Grand Jury indicted defendant for failure to register as a sex offender in violation of N.C. Gen.Stat. § 14-208.11. Defendant pleaded not guilty and his case was called for trial in Sampson County Superior Court before the Honorable Phyllis M. Gorham on 21 July 2014.
 

 At trial, the State presented evidence tending to establish the following facts: On 21 May 2013, defendant was discovered residing at 206 Smith Key Lane in Clinton. Defendant had previously been evicted in December 2012 from the address where he last registered, 1134 Renfrow Road in Clinton. After a period of homelessness, defendant moved to 206 Smith Key Lane sometime in January 2013, where he had taken residence for approximately four months.
 

 Before his 21 May 2013 arrest, defendant was first registered with the Duplin County Sheriff's Office on 20 June 2007. On 1 May 2009, defendant moved to Sampson County and updated his address with the Sampson County Sheriff's Office. On 1 April 2011, defendant acknowledged his duty to register and initialed his understanding for each of the registration requirements on State Bureau of Investigation (S.B.I.) Form CIIS-65, Sex Offender Duty to Register Offender Acknowledgement. This acknowledgement was completed and signed by defendant at the Sampson County Sheriff's Office. On 21 September 2012, defendant moved within Sampson County to 1134 Renfrow Road and again updated his address with the Sampson County Sheriff's Office. This was the last address defendant registered before his arrest. On 12 March 2013, the S.B.I. mailed a Verification of Information letter to defendant. On 18 March 2013, defendant brought the letter to the Sampson County Sheriff's Office and signed the document to certify that his address information and all information provided on file was true and complete. Daomi Strickland, Supervisor of Sampson County Sheriff's Office clerical staff, testified at trial that when defendant verified his address on 18 March 2013, he affirmed that he still lived at 1134 Renfrow Road and did not change his address.
 

 At the close of the State's evidence, defendant moved to dismiss the charges, and the motion was denied by the trial court. Defendant testified on his own behalf and disputed the dates and locations to where he moved after his December 2012 eviction and his understanding of his ongoing duty to register as a sex offender. Defendant acknowledged in his testimony that he no longer lived at his last registered address and that he did not update the Sampson County Sheriff's Office after his eviction. Defendant also testified that he did not provide an updated address
 
 *488
 
 on 18 March 2013 when he reported to the Sheriff's Office to verify his information. After the completion of his testimony, defendant did not present additional evidence. Defendant instead renewed his motion to dismiss the charges. The trial court denied defendant's motion and gave the case to the jury.
 

 After a period of deliberation, the jury returned a verdict finding defendant guilty of failure to register as a sex offender. The trial court then entered judgment sentencing defendant in the mitigated range to a term of 17 to 30 months imprisonment, awarding credit for 254 days of pre-trial confinement. Defendant gave oral notice of appeal in open court.
 

 II.
 
 Discussion
 

 Now on appeal, defendant argues that the trial court lacked subject matter jurisdiction where the indictment charging him with failure to register as a sex offender lacked allegations that he failed to provide "written notice" of his address change "within three business days" of the change. Consequently, defendant argues that his indictment was fatally flawed and his conviction must be vacated. We disagree.
 

 Our Court reviews the sufficiency of an indictment under the
 
 de novo
 
 standard.
 
 State v. McKoy,
 

 196 N.C.App. 650
 
 , 652,
 
 675 S.E.2d 406
 
 , 409 (2009). N.C. Gen.Stat. § 15A-924(a)(5) requires an indictment to contain
 

 [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and
 
 *152
 
 the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
 

 N.C. Gen.Stat. § 15A-924(a)(5) (2013). Our Supreme Court has stated that an indictment "is sufficient if it charges the offense in a plain, intelligible and explicit manner."
 
 State v. Taylor,
 

 280 N.C. 273
 
 , 276,
 
 185 S.E.2d 677
 
 , 680 (1972). The purposes of the indictment are "to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime."
 
 State v. Sturdivant,
 

 304 N.C. 293
 
 , 311,
 
 283 S.E.2d 719
 
 , 731 (1981). "An indictment couched in the language of the statute is generally sufficient to charge the statutory offense."
 
 State v. Singleton,
 

 85 N.C.App. 123
 
 , 126,
 
 354 S.E.2d 259
 
 , 262 (1987) (citing
 
 *489
 

 State v. Palmer,
 

 293 N.C. 633
 
 ,
 
 239 S.E.2d 406
 
 (1977) ). It is also generally true that indictments need only allege the ultimate facts constituting the elements of the criminal offense.
 

 Id.
 

 Further, "[o]ur courts have recognized that[,] while an indictment should give a defendant sufficient notice of the charges against him, it should not be subjected to hyper technical scrutiny with respect to form."
 
 State v. Harris,
 

 219 N.C.App. 590
 
 , 592,
 
 724 S.E.2d 633
 
 , 636 (2012).
 

 The three essential elements of the offense described in N.C. Gen.Stat. § 14-208.9 are: (1) the defendant is a person required to register; (2) the defendant changes his or her address; and (3) the defendant fails to notify the last registering sheriff of the change of address within three business days of the change.
 
 State v. Barnett,
 

 223 N.C.App. 65
 
 , 69,
 
 733 S.E.2d 95
 
 , 98 (2012). In this case, defendant's argument on appeal only challenges the sufficiency of the indictment relating to the third element. It is clear the first two elements are sufficiently alleged.
 

 Although an unpublished opinion of this Court does not constitute controlling legal authority,
 
 see
 
 N.C. R.App. P. 30(e)(3) (2015), on appeal, defendant primarily relies on this Court's unpublished decision in
 
 State v. Osborne,
 
 No. COA13-1372, 2014 N.C.App. LEXIS 700,
 
 2014 WL 2993855
 
 (N.C.App. July 1, 2014). In
 
 Osborne,
 
 this Court determined an indictment for failure to register was fatally defective because "(1) it [did] not allege that [the defendant] failed to notify the [sheriff's office] in
 
 writing,
 
 and (2) it [did] not specify the time requirement as within three
 
 business
 
 days of [the defendant's] move to a new address."
 

 Id.
 

 2014 N.C.App. LEXIS 700, at *8,
 
 2014 WL 2993855
 
 , at *3 (emphasis in original). As this Court has recognized, "[i]n effect, the
 
 Osborne
 
 Court imposed two additional essential elements of the offense set forth in N.C. Gen.Stat. § 14-208.9(a) -the 'written notice' requirement and the 'three business days' requirement."
 
 State v. Leaks,
 
 ---N.C.App. ----, ----,
 
 771 S.E.2d 795
 
 , 798 (emphasis omitted),
 
 disc. review denied,
 
 - -- N.C. ----,
 
 775 S.E.2d 870
 
 (2015).
 

 Similar to
 
 Osborne,
 
 defendant contends the indictment in the present case was insufficient because it lacked allegations that he failed to provide "written notice" of his address change "within three business days." We are not persuaded.
 

 Since
 
 Osborne,
 
 this Court has issued separate opinions rejecting the notions that the 'written notice' requirement and the 'three business days' requirement are essential to the validity of an indictment.
 
 See
 

 Leaks,
 
 ---N.C.App. at ----,
 
 771 S.E.2d at 799
 
 (holding the failure to provide in the indictment that notice of a change of address must be made
 
 *490
 
 in "writing" did not constitute a fatal defect),
 
 State v. James,
 
 --- N.C.App. ----,
 
 774 S.E.2d 871
 
 (2015) (holding the failure to provide in the indictment that notice of a change of address must be made within three "business" days did not constitute a fatal defect). In both cases, this Court emphasized that
 
 Osborne
 
 was not binding and held the essential elements of the offense of failure to report a change of address as a sex offender were sufficiently alleged in the indictments to put the defendants on notice of the charge against them.
 
 [1]
 

 In line with this Court's recent published cases, we hold the indictment in this
 
 *153
 
 case, which alleged "defendant ... did, as a person required by Article 27A of Chapter 14 of the General Statutes to register, failed to notify the last registering sheriff of a change of address in that he moved from 1134 Renfrow Road in Clinton, North Carolina, on or about December 18, 2012 to 206 Smith Key Lane in Clinton, North Carolina without notifying the Sampson County Sheriff[,]" was couched in the language of the statute and sufficiently alleged the third element of the offense. To hold otherwise would be to subject the indictment to hyper technical scrutiny where in this case, over a period of months, defendant failed to give any notice to the sheriff of his change of address.
 

 As stated earlier, the purpose of the indictment is to provide notice so that a proper defense can be prepared.
 
 Sturdivant,
 

 304 N.C. at 311
 
 ,
 
 283 S.E.2d at 731
 
 . Defendant did not argue at trial, nor has he convinced this Court on appeal, that his trial preparation was in any way prejudiced. We take notice from the record that defendant had actual notice of the requirements of the statute and that he acknowledged those requirements on prior occasions. Furthermore, the record shows that following prior changes of address, defendant notified the Sheriff's Office in accordance with the statutory requirements. After a careful review of the record and the issues presented, this Court sees no valid basis to hold that the indictment was fatally flawed.
 

 III.
 
 Conclusion
 

 While we note that the better practice would have been for the indictment to have alleged that defendant failed to report his change of
 
 *491
 
 address "in writing" and "within three business days," for the reasons discussed above, we hold that the indictment was sufficient to confer subject matter jurisdiction upon the trial court.
 

 NO ERROR.
 

 Judges STROUD and INMAN concur.
 

 [1]
 

 Despite the fact that
 
 Osborne
 
 is unpublished and not binding, we further note that it is easily distinguished from the present case because the statutory reference in the indictment in
 
 Osborne,
 
 which alleged a violation of N.C. Gen.Stat. § 14-208.11A(2), did not correspond to the charging language, which clearly attempted to allege a violation of N.C. Gen.Stat. § 14-208.11(a)(2).
 
 Osborne,
 
 2014 N.C.App. LEXIS 700, at *8,
 
 2014 WL 2993855
 
 , at *3.