IN THE SUPREME COURT OF NORTH CAROLINA

No. 333PA14

Filed 29 January 2016

STATE OF NORTH CAROLINA

v.

RYAN MATTHEW WILLIAMS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 763 S.E.2d 926 (2014), finding no error after appeal of a judgment entered on 7 June 2013 by Judge Eric L. Levinson in Superior Court, Burke County. Heard in the Supreme Court on 17 March 2015.

> *Roy Cooper, Attorney General, by William P. Hart, Jr., Assistant Attorney General, for the State.*

> *Ryan McKaig for defendant-appellant.*

EDMUNDS, Justice.

As a registered sex offender, defendant Ryan Matthew Williams was required to report to the appropriate sheriff when he changed his address. He was convicted of failing to make such a report. Before this Court, defendant argues that the indictment failed to allege properly the time period within which he was required to file the report. We conclude that the indictment adequately apprised defendant of the conduct that was the basis of the charge against him. Accordingly, we affirm the

ruling of the Court of Appeals that the trial court correctly denied defendant's motion to dismiss.

Ryan Matthew Williams was convicted of indecent liberties with a minor on 15 March 2001 and, as a result, is a registered sex offender subject to the requirements of N.C.G.S. §§ 14-208.9 and 14-208.11. Defendant maintained his registration with the Burke County Sheriff's Office and reported several changes of address. Evidence presented at defendant's trial indicated that from 17 February 2010 to 5 April 2011, defendant's registered address was 107-D Ross Street in Morganton, where he lived with Sunshine Blevins. In April 2011, defendant and Blevins moved to 2022 Bristol Creek Avenue in Morganton and registered that address with the Burke County Sheriff's Office. In June 2011, defendant left the Bristol Creek Avenue home for 107-D Ross Street, Morganton, a move he registered on 29 June 2011.

On 8 September 2011, Deputy Sheriff Chuck Fisher went to defendant's last registered address at 107-D Ross Street. When no one answered his knock, Deputy Fisher contacted the property owner, Tim Norman, who reported that defendant had been living at a different address, 109-D Ross Street. Other evidence indicated that defendant had never resided at 107-D Ross Street. Norman advised Deputy Fisher that defendant stopped paying rent for the 109-D Ross Street residence and had vacated the premises in late July 2011 after Norman demanded that he either pay up or leave. At least six weeks passed after defendant's departure before Deputy Fisher came searching for him. Defendant was arrested on 13 September 2011.

On 5 October 2011, defendant was indicted by a Burke County Grand Jury for violating N.C.G.S. § 14-208.11 by failing to provide timely written notice of his change of address. The indictment included a preprinted block containing information in the following format:

DATE OF OFFENSE        ON OR ABOUT

09/08/2011            - after 4/2011

The body of the indictment beneath this block did not include a date but instead alleged that "on or about the date of offense shown," defendant committed the charged crime.

Defendant filed a motion to dismiss the indictment on the grounds that "it does not allege a specific enough date of offense to allow the Defendant to formulate a defense and is violative of his due process rights." After considering arguments presented by counsel for both sides, the trial court denied defendant's motion to dismiss. On 7 June 2013, a jury found defendant guilty and the trial court imposed a sentence in the presumptive range of twenty-three to twenty-eight months of imprisonment.

Defendant appealed to the Court of Appeals, challenging the sufficiency of the indictment. *State v. Williams*, ___ N.C. App. ___, 763 S.E.2d 926, 2014 WL 3824252 (2014) (unpublished). He argued that the indictment was fatally defective because it identified the date of offense as a five month span, and that, because the indictment

was defective, the trial court lacked jurisdiction to hear his case. *Id.* at *3. The Court of Appeals concluded that section 14-208.9(a)'s requirement that defendant register a new address within three business days of the change "does not make the specific day or year an essential element of the crime." *Id.* at *4. The court held that the indictment sufficiently alleged that defendant failed to notify the sheriff's office of a change of address within the prescribed statutory time period. *Id.* The court further held that defendant failed to demonstrate that he was misled by the times set out in the indictment and that no basis existed for concluding the indictment was fatally defective. *Id.* Consequently, the trial court properly denied the motion to dismiss. *Id.* On 9 October 2014, this Court allowed defendant's Petition for Discretionary Review.

Although defendant argued to the trial court and the Court of Appeals that the time span alleged in the indictment rendered it defective, he takes a different tack before us. Defendant contends his constitutional right to notice was violated because the indictment alleged that he failed to register his change of address with the sheriff's office within three days, rather than within three *business* days. Defendant made the latter argument in his Petition for Discretionary Review while candidly acknowledging that he had not raised it below. We will consider the petition because conflicting analyses of this issue may be found in opinions of the Court of Appeals.

"[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any

time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (citations omitted), *cert. denied*, 531 U.S. 1018, 121 S. Ct. 581, 148 L. Ed. 2d 498 (2000). The alleged failure of a criminal pleading to charge the essential elements of a stated offense is an error of law that this Court reviews de novo. *See State v. Sturdivant*, 304 N.C. 293, 308-11, 283 S.E.2d 719, 729-31 (1981).

The North Carolina Constitution guarantees that, "[i]n all criminal prosecutions, every person charged with crime has the right to be informed of the accusation." N.C. Const. art. I, § 23. Ordinarily, a person accused of a felony is charged by means of an indictment, which must contain

> [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C.G.S. § 15A-924(a)(5) (2013). In interpreting this statute, we have held that "it is not the function of an indictment to bind the hands of the State with technical rules of pleading," *Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731 (citing *State v. Gregory*, 223 N.C. 415, 27 S.E.2d 140 (1943)), and that we are no longer bound by the "ancient strict pleading requirements of the common law," *State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985). Instead, contemporary criminal pleadings requirements have been "designed to remove from our law unnecessary technicalities

which tend to obstruct justice." *Id.* Consistent with this retreat from archaic pleading standards, the General Assembly has provided that

> [e]very criminal proceeding by . . . indictment . . . is sufficient in form for all intents and purposes if it expresses the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.

N.C.G.S. § 15-153 (2013). We now consider whether defendant's indictment passes muster.

The indictment alleged that defendant violated N.C.G.S. § 14-208.11, which states, in pertinent part, that: "A person required by this Article to register who willfully does any of the following is guilty of a Class F felony: . . . (2) Fails to notify the last registering sheriff of a change of address as required by this Article." N.C.G.S. § 14-208.11(a)(2) (2013). Defendant's indictment cited "G.S. 14-208.11" and alleged that "defendant named above unlawfully, willfully, and feloniously did as a person required by Article 27A of Chapter 14 of the North Carolina General Statutes to register with the Sheriff's office in the county wherein he resides . . . failed [sic] to provide written notice of his change of address no later than the 3rd day after his change in address . . . . This act was in violation of the law referenced above."

Details of the registration requirements are set out in N.C.G.S. § 14-208.9, which states that "[i]f a person required to register changes address, the person shall

report in person and provide written notice of the new address not later than the third business day after the change to the sheriff of the county with whom the person had last registered." *Id.* § 14-208.9(a) (2014). Defendant acknowledges that he was required to register, but contends that the indictment is fatally defective because it omitted the word "business" as found in section 14-208.9(a).

Defendant cites *State v. Abshire* for the proposition that "three business days" is an essential element of the offense. 363 N.C. 322, 677 S.E.2d 444 (2009). In *Abshire*, we addressed an earlier version of the statute at bar and stated that the third element of the offense was that "the defendant '[f]ails to notify the last registering sheriff of [the] change of address,' [N.C.G.S. § 14-208.11(a)(2)], 'not later than the tenth day after the change,' N.C.G.S. § 14-208.9(a).' " *Id.* at 328, 677 S.E.2d at 449 (first and second alterations in original). However, our reference in *Abshire* to the ten-day deadline was not critical to the holding in that case. Moreover, we are reluctant to assume from *Abshire* that if the statute had said "ten business days," we would have found that the word "business" was essential to the pleading, especially when no such issue was before us. Instead, *Abshire* discussed the meaning of the term "address" in that earlier version of the statute, along with the unremarkable requirement that essential elements be included in the indictment. *Id.* at 328-32, 677 S.E.2d at 449-51. *Abshire* did not set out specific language to be used in an indictment alleging an offense under section 14-208.11, and the holding in that case is consistent with the flexible pleading standards expressed in sections 15-153 and 15A-924(a).

Defendant also argues that the Court of Appeals holding in *State v. Osborne*, ___ N.C. App. ___, 763 S.E.2d 16, 2014 WL 2993855 (2014) (unpublished), entitles him to a new trial. The defendant in *Osborne* was, as here, a convicted sex offender required to register with the sheriff of his county of residence. The indictment in *Osborne* alleged only that the defendant was required to register within three days of his move to a new address. The Court of Appeals vacated the defendant's conviction for a violation of N.C.G.S. § 14-208.11(a)(2) on the grounds that "three days," as alleged in the indictment, is different from "not later than the third business day," as found in section 14-208.9(a). 2014 WL 2993855 at *3. In contrast, in the case at bar, the Court of Appeals concluded that time was not of the essence for this reporting offense and "[i]t does not matter when the crime occurred so long as the evidence shows that the defendant did not give the proper notification." The court then held "that an indictment under N.C. Gen. Stat. § 14-208.11 is sufficient if it alleges . . . the pertinent time element." *Williams*, 2014 WL 3824252, at *4. In other words, the absence of the term "business" before "days" in the indictment was found fatal in *Osborne* but not in *Williams*.

We have found no other case in which a panel of the Court of Appeals has adopted *Osborne*'s rationale. In *State v. Leaks*, ___ N.C. App. ___, 771 S.E.2d 795 (2015), the defendant sex offender was charged with failure to report a change of address under N.C.G.S. § 14-208.11(a)(2). He claimed the indictment was invalid because it failed to allege that he was required to provide "written notice" as set out

in N.C.G.S. § 14-208.9. *Id.* at \_\_\_, 771 S.E.2d at 797-98. In a published opinion, the Court of Appeals distinguished *Osborne* and held that written notice was an evidentiary matter to be proved at trial but need not be alleged in an indictment brought under section 14-208.11. *Id.* at \_\_\_, 771 S.E.2d at 798-99. We denied discretionary review. *State v. Leaks*, \_\_\_ N.C. \_\_\_, 775 S.E.2d 870 (2015). In *State v. Furr*, \_\_\_ N.C. App. \_\_\_, 775 S.E.2d 693, 2015 WL 3791729 (2015) (unpublished), the defendant sex offender was indicted under N.C.G.S. § 14-208.11(a)(2) for failing to report a new address. The defendant claimed the indictment was invalid because it did not allege that he was required to provide "written notice" within "three business days," as set out in N.C.G.S. § 14-208.9. 2015 WL 3791729 at *2. The Court of Appeals declined to follow *Osborne* and found no error. *Id.* at *4. We denied discretionary review. *State v. Furr*, \_\_\_ N.C. \_\_\_, 775 S.E.2d 854 (2015). In *State v. McLamb*, \_\_\_ N.C. App. \_\_\_, 777 S.E.2d 150 (2015), the defendant sex offender was charged under N.C.G.S. § 14-208.11(a)(2) with failing to register. He claimed the indictment was invalid for failing to allege that he was required to provide "written notice" within "three business days." *Id.* at \_\_\_, 777 S.E.2d at 151. In a published opinion, the Court of Appeals declined to follow *Osborne* and found no error. *Id.* at \_\_\_, 777 S.E.2d at 152-53.

Moreover, the Court of Appeals declined to subject indictments to the type of hypertechnical scrutiny employed in *Osborne* before that opinion was issued. In *State v. Pierce*, \_\_\_ N.C. App. \_\_\_, 766 S.E.2d 854 (2014), the defendant sex offender was

charged with failing to provide notification of an address change. He argued that the indictment was fatally defective because it omitted the purportedly essential element that he report to the sheriff of the new county to which he had moved. *Id.* at \_\_\_, 766 S.E.2d at 857. The Court of Appeals determined that the indictment, "read in totality," gave the defendant adequate notice. *Id.* at \_\_\_, 766 S.E.2d at 858. We denied discretionary review. *State v. Pierce*, 368 N.C. 262, 772 S.E.2d 734 (2015). In *State v. Harrison*, 165 N.C. App. 332, 598 S.E.2d 261 (2004), the defendant claimed that the indictment charging him with failure to report was defective because it did not identify the specific dates of the moves or the defendant's new address. The Court of Appeals found that the indictment provided defendant "ample notice of the charge," even though it did not identify the specific dates on which the defendant moved or his new address. *Id.* at 336, 598 S.E.2d at 263. We denied discretionary review. *State v. Harrison*, 359 N.C. 72, 604 S.E.2d 922 (2004).

Consistent with these Court of Appeals opinions, this Court has acknowledged the general rule that an indictment using "either literally or substantially" the language found in the statute defining the offense is facially valid and that "the quashing of indictments is not favored." *State v. James*, 321 N.C. 676, 681, 365 S.E.2d 579, 582 (1988) (citations omitted). Here, defendant's indictment included the critical language found in N.C.G.S. § 14-208.11, alleging that he failed to meet his obligation to report "as a person required by Article 27A of Chapter 14." This indictment language was consistent with that found in the charging statute and provided

defendant sufficient notice to prepare a defense. Additional detail about the reporting requirement such as that found in section 14-208.9 was neither needed nor required in the indictment.

Because defendant's indictment substantially tracks the language of section 14-208.11(a)(2), the statute under which he was charged, thereby providing defendant adequate notice, we conclude that the Court of Appeals' analysis in *Williams* is consistent with the applicable statutes and holdings cited above. Accordingly, we hold that defendant's indictment is valid and conferred jurisdiction upon the trial court.

AFFIRMED.

Justice ERVIN took no part in the consideration or decision of this case.

Justice BEASLEY dissenting.

The majority, in concluding that the indictment here was not facially invalid, violates a defendant's right to be placed on reasonable notice of the charges pending against him. The majority incorrectly concludes that the term "business day" is not an essential element of an indictment under N.C.G.S. § 14-208.11. Our case law supports a defendant's right to be placed on reasonable notice of the charges against him and the indictment here failed to provide reasonable notice. Because subject matter jurisdiction does not vest with the trial court under a fatally defective indictment, I respectfully dissent.

Defendant, a registered sex offender, is required to register as such pursuant to N.C.G.S. § 14-208.11. This statute states that one who willfully "[f]ails to report in person to the sheriff's office" as required by sections 14-208.7, 14-208.9, and 14-208.9A is guilty of a Class F felony. N.C.G.S. § 14-208.11(a)(7) (2013). Section 14-208.9 sets out the specific reporting requirements and states, in relevant part, "[i]f a person required to register changes address, the person shall report in person and provide written notice of the new address *not later than the third business day* after the change to the sheriff of the county with whom the person had last registered." *Id.* § 14-208.9(a) (2014) (emphasis added).

I note here that defendant failed to object to the sufficiency of the indictment in the trial court or before the Court of Appeals. Defendant now raises the argument that the indictment was facially invalid, and therefore the trial court lacked subject matter jurisdiction. Defendant may timely raise this jurisdictional argument for the first time on appeal to this Court because an argument that the trial court lacked subject matter jurisdiction may be raised at any time after a verdict. *See State v. Sturdivant,* 304 N.C. 293, 307-08, 283 S.E.2d 719, 729-30 (1981); *see also State v. Harwood,* ___ N.C. App. ___, ___, 777 S.E.2d 116, 118 (2015) ("The issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte.*"). While it appears defendant raised an argument under the North Carolina Constitution, his analysis is consistently grounded in the interpretation of section 14-208.9. Further, given the conflicting analyses in recent

Court of Appeals opinions, this Court properly addresses defendant's petition for discretionary review.

In determining essential elements to be included in an indictment, it is important to recognize that there is a long-standing trend which disfavors hypertechnical, common law pleadings and favors more practical, liberal pleadings. The General Assembly adopted the Criminal Procedure Act of 1975, which modernized archaic pleading requirements for criminal indictments. *See State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985) ("It is unnecessary for us to decide here whether that rule drawn from the ancient strict pleading requirements of the common law has survived the more liberal criminal pleading requirements of our new Criminal Procedure Act and other recent legislation designed to remove from our law unnecessary technicalities which tend to obstruct justice."); *see also State v. Worsley*, 336 N.C. 268, 279, 443 S.E.2d 68, 73 (1994) (observing that N.C.G.S. § 15A-924 "supplanted prior law" requiring more strictly pleaded indictments (citations omitted)); *State v. Palmer*, 293 N.C. 633, 638, 239 S.E.2d 406, 410 (1977) (explaining the requirements of N.C.G.S. § 15A-924 (citations omitted)).

The Criminal Procedure Act sets forth the minimum standard for a sufficient indictment in North Carolina by requiring

> [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of

the conduct which is the subject of the accusation.

N.C.G.S. § 15A-924(a)(5) (2013). Indictments serve "(1) [to provide] such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case." *State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953) (citations omitted).

"An indictment charging a statutory offense must allege all of the essential elements of the offense." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citations omitted). "It is well settled that 'a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.' " *State v. Abraham*, 338 N.C. 315, 339, 451 S.E.2d 131, 143-44 (1994) (quoting *Sturdivant*, 304 N.C. at 308, 283 S.E.2d at 729). "The existence of subject matter jurisdiction is a matter of law and 'cannot be conferred upon a court by consent.' " *In re K.J.L.*, 363 N.C. 343, 345-46, 677 S.E.2d 835, 837 (2009) (quoting *In re T.R.P.,* 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006)).[1] An appellate court must vacate any judgment or conviction based upon a facially invalid indictment because the indictment fails to confer jurisdiction

---

[1] Although the case cited is a civil case, if a party to a civil action cannot waive subject matter jurisdiction, because subject matter jurisdiction must vest with the trial court, a criminal defendant must also be prohibited from such waiver.

to the trial court. *See State v. Petersilie,* 334 N.C. 169, 175-76, 432 S.E.2d 832, 835-36 (1993) (citations omitted); *see also State v. Jarvis,* 50 N.C. App. 679, 680-81, 274 S.E.2d 852, 852 (1981) (where the trial court dismissed the indictment *sua sponte* for lack of subject matter jurisdiction).

Critically, in the statute at issue, the General Assembly amended the time by which an offender must report his address change to the local sheriff's department. Initially, in 1996 the legislature required that an offender submit his change of address to the sheriff no later than the tenth day after the change. Act of July 29, 1995, ch. 545, sec. 1, 1995 N.C. Sess. Laws 2046, 2048 (effective 1 January 1996). In 2008 the legislature reduced the time period by which an offender must report his address change from *the tenth day* to the *third business day* after the change. Act of July 18, 2008, ch. 117, sec. 9, 2007 N.C. Sess. Laws (Reg. Sess. 2008) 426, 430-31 (emphases added).

The majority errs by discounting the significance of the "third business day" reporting requirement established by the General Assembly. In 2006 Congress enacted the Sex Offender Registration and Notification Act (SORNA) to provide a comprehensive system for nationwide sex offender registration. [2] *See United States*

---

[2] SORNA, also known as the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act), is mostly codified at 42 U.S.C. §§ 16901-16962. *See* Adam Walsh Act, Pub. L. No. 109-248, Title I, 120 Stat. 587 (2006). North Carolina is one of numerous states that have not substantially implemented SORNA, but the State complies with many of its provisions as a requirement to receive federal funding for crime labs, prisons and jails, and other law enforcement programs. Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART), Office of Justice Programs, U.S. Dep't of

*v. Price*, 777 F.3d 700, 703 (4th Cir.), *cert. denied,* ___ U.S. ___, 192 L. Ed. 2d 941 (2015).

> Congress through SORNA has not commandeered . . . nor compelled the state[s] to comply with its requirements. Congress has simply placed conditions on the receipt of federal funds. A state is free to keep its existing sex-offender registry system in place (and risk losing funding) or adhere to SORNA's requirements (and maintain funding).

*United States v. White*, 782 F.3d 1118, 1128 (10th Cir. 2015) (quoting *United States v. Felts,* 674 F.3d 599, 608 (6th Cir. 2012)). In North Carolina, by amending section 14-208.9 to require notification of an address change within three business days, the legislature intended to comply with the SORNA requirement to adopt the statutory language in 42 U.S.C. § 16913(c), which provides that "[i]f a sex offender changes his residence, employment, or student status, he must update his registration within *three business days* ." *Price*, 777 F.3d at 703-04 (emphasis added). [3]

---

Justice, *SORNA,* http://www.smart.gov/sorna.htm (last visited Jan. 25, 2016); *see, e.g., White,* 782 F.3d at 1128.

[3] Though not defined in this context by the legislature, we assume that a business day occurs Monday through Friday during "bankers' hours."

Further, N.C.G.S. § 90-95 is another example in which the legislature intended to distinguish business days and calendar days. Time is an essential element in this statute in that the Legislature has codified time limits by which a defendant has a right to object to the State's admitting certain toxicology evidence at trial. *See* N.C.G.S. § 90-95(g) (2014) (requiring the State to provide notice to a defendant at least 15 business days before a judicial proceeding of its intent to introduce a toxicology report into evidence and allowing the defendant up to five business days to object to introduction of the report into evidence). Although section 90-95 is based on the Confrontation Clause, this statute highlights the importance of distinguishing between business days and calendar days in the criminal context.

The legislature also intended to shorten the "grace period" during which an offender must report an address change and to specify the method by which the address change period is calculated. The legislature's deliberate change from "day" to "business day" alleviates confusion for offenders and law enforcement. For example, if a defendant's address changes on Thursday, without this business day requirement, it would be unclear whether that defendant is required to report his change of address to the sheriff by the following Sunday or by the following Tuesday. This statute provides clarity and reasonable notice to a defendant. Because the legislature deliberately carved out this distinction, this nomenclature is not hypertechnical surplusage.

The majority cites three recent opinions from the Court of Appeals as support that the term "business days" is not an element of the offense and, therefore, not compulsory language in an indictment under section 14-208.9. In *State v. Leaks*, upon the sheriff's office's realization that defendant was no longer occupying the address he previously registered, the sheriff's office sent defendant "an address verification letter" that was later returned as "undeliverable." ___ N.C. App. ___, ___, 771 S.E.2d 795, 797 (2015). In *Leaks* the defendant argued that his indictment was insufficient because it did not state that "he was required to provide 'written notice' " of his address change. ___ N.C. App. at ___, 771 S.E.2d at 797-98. The defendant relied on *State v. Osborne*, an unpublished Court of Appeals decision, which held that "written notice" and "three business days" are essential elements of the offense. *Id.* at ___,

771 S.E.2d at 798 (citing *State v. Osborne*, ___ N.C. App. ___, 763 S.E.2d 16, 2014 WL 2993855 (2014) (unpublished). The issue of whether "three business days" is an element of N.C.G.S. § 14-208.9(a) was not raised in *Leaks*. The Court of Appeals held in *Leaks* that the statutory requirement that notice be provided "in writing" is an evidentiary matter and not an element of the offense. *Id.* at ___, 771 S.E.2d at 799. Moreover, the Court of Appeals relied on *State v. Abshire*, 363 N.C. 322, 677 S.E.2d 444 (2009), to reject the defendant's argument that the indictment failed to confer subject matter jurisdiction to the trial court. *Id.* at ___, 771 S.E.2d at 799.

Similarly, in *State v. McLamb,* following the sheriff's office's discovery that defendant had vacated his last registered address without notifying that office, the defendant was convicted for failing to register. ___ N.C. App. ___, ___, 777 S.E.2d 150, 151 (2015). On appeal the defendant argued that the indictment was deficient because it failed to contain language alleging the required "written notice" and "three business days." *Id.* at ___, 777 S.E.2d at 151. The Court of Appeals rejected the analysis in *Osborne*, noting that the court had since issued *Leaks* and *State v. James*, ___ N.C. App. ___, 774 S.E.2d 871 (2015), which held respectively that the exclusion of "written notice" in *Leaks* and of "three business days" in *James* was not a fatal defect. *McLamb,* ___ N.C. App. at ___, 777 S.E.2d at 152. The court noted, however, that the better practice is for the indictment to include the words "written notice" and

"three business days." *Id.* at ___, 777 S.E.2d at 153.[4]

The majority also cites *State v. Furr*, an unpublished opinion, to support its conclusion that "three business days is not required for an indictment under N.C.G.S. § 14-208.11." In *Furr* the sheriff's office received information that the defendant did not reside at his registered address, which was confirmed by the woman with whom the defendant was living. ___ N.C. App. ___, 775 S.E.2d 693, 2015 WL 3791729 at *1-2 (2015). On appeal the defendant argued that the indictment did not confer subject matter jurisdiction because of its omission of "written notice" and "three business days." 2015 WL 3791729 at *2. In *Furr* the Court of Appeals again declined to follow *Osborne,* concluding that *Osborne* is not controlling because the opinion is unpublished. *Id.* at *4. The Court of Appeals instead relied on its published opinions in *State v. Pierce*, ___ N.C. App. ___, 766 S.E.2d 854 (2014), and *State v. Harrison*, 165 N.C. App. 332, 598 S.E.2d 261 (2004), both of which held that the indictments were sufficient despite their failure to allege "additional elements." *Furr,* 2015 WL 3791729 at *4.

It is noteworthy that *State v. Leaks*, *State v. McLamb*, and *State v. Furr* were all decided by the Court of Appeals *after* the present case was decided by that court. The conflicts in the Court of Appeals' opinions, as reflected in *Leaks, McLamb, Furr,*

---

[4] *James* noted that defendant was not prejudiced by the omission of the words "three business days" from the indictment. Further, the court opined that the "indictment nevertheless gave [the d]efendant sufficient notice of the charge against him." ___ N.C. App. at ___, 774 S.E.2d at 875.

and *Osborne,* suggest that the court has not settled this issue, as the split in its own precedent demonstrates and, therefore, is not persuasive.

Here defendant also argues that the "timing of the offense is a specific element" and that the indictment was invalid because it alleged "a window of five months during which [defendant] could have committed a crime involving a three day threshold." The majority cites *State v. Harrison* for the proposition that the time of the commission of the offense is not essential. In *Harrison*, decided by the Court of Appeals before *Osborne*, the Court of Appeals rejected the defendant's argument that the indictment failed to confer jurisdiction to the trial court because the indictment did not identify the specific dates of the moves or the new address. 165 N.C. App. at 336, 598 S.E.2d at 263. The Court of Appeals ultimately held that the indictment gave the defendant adequate notice of the charges pending against him. *Id.* at 336, 598 S.E.2d at 263.

It cannot be that, as the majority writes, "it does not matter when the crime occurred" because it is imperative that if a failure to report an address change is alleged, a defendant must have notice of the time by which he must have reported an address change. It proves impossible for a defendant to be properly noticed, as the statute requires, of the time by which he must report an address change to the sheriff if the indictment does not inform that defendant of the time during which the State alleges he violated the statute. Neither the statute nor SORNA makes that time requirement a fluid one. It does appear that when, as here, the time period is alleged,

the proof thereof is an evidentiary matter.

The majority correctly assesses that defendant's reliance on *State v. Abshire* is misguided for the proposition that "three business days" is an essential element of the offense. The majority also correctly characterizes the holding in *Abshire* as defining "address" consistent with SORNA's intent. *Abshire* did not address whether "three business days," or ten days per the statute at the time *Abshire* was decided, is an essential element.

Therefore, because I would hold that the term "business day" is an essential element for an indictment charging a defendant under N.C.G.S. § 14-208.11, and thus the indictment at issue here is facially invalid, I respectfully dissent. I would remand this case to the Court of Appeals for remand to the trial court with instructions to vacate the judgment based upon this fatally defective indictment.

Justice HUDSON joins in this dissenting opinion.